JOHN P. KRISTENSEN (SBN 224132)
*jkristensen@kristensenlaw.com*
DAVID L. WEISBERG (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, CA 90025
Telephone:  310-507-7924
Fax:  310-507-7906

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MANKIN, individually and on behalf of all others similar situated, | Case No. 2:13-cv-06447-DSF-AGR |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |
| MOUNTAIN WEST RESEARCH CENTER, L.C., and DOES 1 through 10, inclusive, and each of them, | |
| Defendants. | Assigned to the Honorable Dale S. Fischer |
| | Date:          August 25, 2014 |
| | Time:          1:30 p.m. |
| | Courtroom:   840 |
| | Action Filed on September 3, 2013 |
| | [Filed and Served Concurrently with Declaration of John P. Kristensen; [Proposed] Order] |

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on Monday, August 25, 2014, at 1:30 p.m., before the United States District Court, Central District of California, Courtroom 840, Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012-3332, plaintiff Paul Mankin ( "Plaintiff") will move this Court for an order granting preliminary approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's memorandum of points and authorities.

   This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated:  July 28, 2014                    Respectfully submitted,

                              By:   */s/ John P. Kristensen*

                              John P. Kristensen (SBN 224132)
                              *john@kristensenlaw.com*
                              David L. Weisberg (SBN 211675)
                              *david@kristensenlaw.com*
                              **KRISTENSEN WEISBERG, LLP**
                              12304 Santa Monica Blvd., Suite 221
                              Los Angeles, California 90025
                              Telephone:  (310) 507-7924
                              Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

1

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3

2

Plaintiff's counsel certifies that prior to filing the instant motion, the

3 parties, through counsel, met and conferred pertaining to the subject matter of the

4 instant motion.  Defendant does not oppose this motion.

5

6 Dated:  July 28, 2014                    Respectfully submitted,

7                                          By:  */s/ John P. Kristensen*

8
9                                          John P. Kristensen (SBN 224132)
                                           *john@kristensenlaw.com*
10                                         David L. Weisberg (SBN 211675)
                                           *david@kristensenlaw.com*
11                                         **KRISTENSEN WEISBERG, LLP**
                                           12304 Santa Monica Blvd., Suite 221
12                                         Los Angeles, California 90025
                                           Telephone:  (310) 507-7924
13                                         Fax:  (310) 507-7906
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

# Table of Contents

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3 .................... 3

MEMORANDUM OF POINTS & AUTHORITIES ................................................. 4

   I.    Introduction ................................................................................................. 4

   II.   Statement of Facts ...................................................................................... 6

       A.   Factual Background ............................................................. 6

       B.   Proceedings to Date ............................................................ 6

   III.   The Settlement ........................................................................................... 7

       A.   The Settlement Class. ......................................................... 7

           1.   The Settlement Class. ............................................ 7

           2.   Class Membership Determination. ....................... 7

       B.   Settlement Payment. ........................................................... 7

       C.   Monetary Benefit to Class Members and Class Notice........... 8

       D.   Scope of Release. ............................................................... 9

       E.   Opportunity to Opt Out and Object. ................................... 9

       F.   Payment of Notice and Administrative Costs ..................... 10

       G.   Class Representatives' Application for Incentive
           Awards. ............................................................................. 10

       H.   Class Counsel's Application for Attorneys' Fees,
           Costs, and Expenses.......................................................... 10

       I.   *Cy Pres* Distribution. ........................................................ 11

   IV.   Argument.................................................................................................. 11

       A.   Legal Standards for Preliminary Approval of a Class
           Action Settlement. ............................................................. 11

           1.   Liability is Highly Contested and Both Sides
               Face Significant Challenges in Litigating this
               Case. .................................................................... 14

---

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

2. Defendant's Agreement to Make a Credit Payment to Class Members Provides a Fair and Substantial Benefit to the Class.................................. 14

3. The Settlement Was Reached As the Result of Arms-Length Negotiation, Without Collusion, With the Assistance of the Mediator.......................... 17

4. Experienced Counsel Have Determined That the Settlement Is Appropriate and Fair to the Class. ........ 18

B. The Court Should Preliminarily Certify the Class for Purposes  of Settlement. ......................................................... 18

1. The Proposed Class Is Numerous. .............................. 18

2. The Commonality Requirement Is Satisfied, Because Common Questions of Law and Fact Exist................................................................................ 19

3. The Typicality Requirement Is Met. ........................... 19

4. The Adequacy Requirement Is Satisfied..................... 20

5. Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only............. 21

6. Class Treatment for Settlement Purposes is Superior to Individual Resolutions.............................. 21

C. The Proposed Method of Class Notice Is Appropriate.......... 23

D. The Court Should Provisionally Appoint the Class Representative and Appoint Class Counsel........................... 25

E. The Court Should Appoint the Garden City Group as the Settlement Administrator................................................. 26

F. A Final Approval Hearing Should Be Scheduled.................. 26

V. Conclusion ...................................................................................... 27

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1

## Table of Authorities

2

Cases

3

*Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997) ............................22

4

*Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) ........................................................24

5

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) .........................13

6

7

*Briggs v. United States*, Case No. C 07-05760 WHA, 2010 WL 1759457 (N.D. Cal. Apr. 30, 2010)........................................................................................15

8

*Dennis v. Kellogg Co.*, 697 F.3d 858, 862-63 (9th Cir. 2012) ............................16

9

*Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) ...........................16

10

*Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998) ........................................................22

11

*Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa. 2000)...16

12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).......12, 19, 21, 23

13

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)..................................................................................................................19

14

*Hopson v. Hanesbrands Inc.*, Case No. CV-08-0844 EDL, 2009 WL 928133, at *11 (N.D. Cal. Apr. 3, 2009).............................................................................15

15

*Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988)......................................13

16

*Lane v. Facebook, Inc.*, 709 F.3d 791, 793 (9th Cir. 2013) ................................16

17

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).......26

18

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) ............13

19

20

*Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) ........................................................................24

21

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) ......................................................21

22

23

*Malta v. Fed. Home Loan Mortgage Corp.*, Case No. 10-CV-1290 BEN NLS, 2013 WL 444619, at *7 (S.D. Cal. Feb. 5, 2013) .............................................17

24

*Marshall v. Holiday Magic, Inc*., 550 F.2d 1173, 1178 (9th Cir. 1977) ..............25

25

*Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000) .......................17

26

*Molski v. Gleich*, 318 F.3d 937, 954-55 (9th Cir. 2003) .....................................16

27

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ........23

28

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-III-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

*Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) .............................16

*National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004)........................................................................................................................16

*Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982) .12, 13

*Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008).............17

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970)........................................................................13

*re EasySaver Rewards Litig.*, 921 F. Supp. 2d 1040, 1049 (S.D. Cal. 2013) ......16

*Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, Case No. 3:10-CV-1777 AJB NLS, 2012 WL 3991734, at *8 (S.D. Cal. Aug. 27, 2012)............................17

*Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) ......................................................24

*Shames v. Hertz Corp.*, Case No. 07-CV-2174-MMA WMC, 2012 WL 5392159 at *13 (S.D. Cal. Nov. 5, 2012)...................................................................15

*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) ........................................23

*Spillman v. RPM Pizza, LLC*, Case No. CIV.A. 10-349-BAJ, 2013 WL 2286076, *4 (M.D. La. May 23, 2013) ..........................................................................17

*Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)....................................20

*Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005)..22

*Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) .24

*Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989)........................................................................................................12

*Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ................22

*Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) ........................20

*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971) ................13

*Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008)....18, 20

*Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001) ..................................................................................................................21

Statutes

28 U.S.C. § 1715..........................................................................................passim

47 U.S.C. § 227 *et seq* ................................................................................passim

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-IV-

Fed. R. Civ. P. 23(b)(3) .............................................................21, 22, 23

Fed. R. Civ. Proc. 23(e) ..................................................................11, 20

Federal Rule of Civil Procedure 23(b)(3)................................................6

Other Authorities

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004).................11

*Moore's Federal Practice – Civil* § 23.165[3] (3d ed.) .......................................12

*Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp. 2004)..........................................................................................................11

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-v-

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

Plaintiff Paul Mankin (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below), hereby submits this motion for preliminary approval of a proposed settlement (the "Settlement") of this action (the "Litigation") and of certification of the proposed settlement class.  Defendant Mountain West Research Center (hereinafter referred to as "MWRC" or "Defendant") does not oppose Plaintiff's motion (Plaintiff and Defendant shall collectively be referred to as the "Parties").  The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Agreement").[1] *See Declaration of John P. Kristensen* (*"Kristensen Decl.*), ¶ 5, Ex. 1.

The proposed Settlement resulted from the Parties' participation in an all-day mediation session before the Honorable Carl J. West (Ret.) of JAMS and subsequent settlement discussions.  The Settlement provides for a substantial financial benefit to the Class Members.  The Settlement Class consists of the individuals who are the record subscribers of 15,703 unique United States cell phone numbers that were called by Defendant between May 18, 2013 through May 20, 2013 and July 22, 2013 through July 24, 2013 (collectively, the "Class Period").  For purposes of this Settlement, the cell phone subscribers of these telephone numbers constitute the members of the Settlement Class.

The compromise Settlement reached with the guidance of Judge West will create a Settlement Fund to be established by Defendant in the amount of $1,495,000.  The Settlement Fund will pay for a Settlement Administrator, Garden City Group, which will be responsible for providing notice to the

---

[1] Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1   Settlement Class, providing notice of this proposed settlement pursuant to and in

2   accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA"),

3   creating and maintaining a Settlement Website, preparing an Opt-Out List,

4   preparing a list of persons submitting objections to the settlement and disbursing

5   payments to all class members who do not opt-out.  Settlement members who do

6   not opt-out will receive a direct payment via check in the amount of

7   approximately $65.00.  Plaintiff Paul Mankin will receive an incentive payment

8   of $1,500.00 (subject to Court approval) for bringing and litigating this action.

9   Class Counsel will request an attorneys' fee and cost reimbursement award of

10   $373,750 (i.e., 25% of the total settlement amount), subject to Court approval, to

11   be paid out of the Settlement Fund.  Any unclaimed funds from the Settlement

12   Fund after all settlement costs and direct payments to the Settlement Class are

13   paid shall be given to the National Consumer Law Center in a *cy pres*

14   distribution, subject to approval of the Court.

15        In consideration for the Settlement Fund, Plaintiff, on behalf of the

16   proposed Settlement Class (the "Class"), will dismiss the Litigation and

17   unconditionally release and discharge Defendant and other Released Parties from

18   all claims relating to the Litigation.

19        While Plaintiff is confident of a favorable determination on the merits, he

20   has determined that the proposed Settlement provides significant benefits to the

21   Settlement Class and is in the best interests of the Settlement Class.  Plaintiff also

22   believes that the Settlement is appropriate because Plaintiff recognizes the

23   expense and amount of time required to continue to pursue the Litigation, as well

24   as the uncertainty, risk, and difficulties of proof inherent in prosecuting such

25   claims.  Similarly, as evidenced by the Agreement, MWRC believes that it has

26   substantial and meritorious defenses to Plaintiff's claims, but has determined that

27   it is desirable to settle the Litigation on the terms set forth in the Agreement.

28        Plaintiff believes that the proposed Settlement satisfies all of the criteria

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1    for preliminary approval. Accordingly, Plaintiff moves this Court for an order
2    preliminarily approving the proposed Settlement, provisionally certifying the
3    Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule
4    23(b)(3)") for settlement purposes, directing dissemination of Class Notice, and
5    scheduling a Final Approval Hearing.

6    **II.    STATEMENT OF FACTS**

7    **A.    Factual Background**

8    MWRC is a polling and public opinion research company that was
9    retained by a third party market research company to conduct surveys. During
10   the Class Period, MWRC placed calls to 15,703 mobile phones in connection
11   with these Survey Campaigns. *See Kristensen Decl.*, ¶ 7. In filing suit herein,
12   Plaintiff alleged that MWRC violated the Telephone Consumer Protection Act,
13   47 U.S.C. § 227 *et seq.,* ("TCPA") by calling the cellular telephones of persons
14   without "prior express consent," using an "automatic telephone dialing system"
15   and/or using an "artificial or prerecorded voice." Plaintiff contends he and the
16   Class are entitled to statutory damages pursuant to the TCPA. MWRC has
17   vigorously denied and continues to deny that it violated the TCPA, and denies all
18   charges of wrongdoing or liability asserted against it in the Litigation.

19   **B.    Proceedings to Date**

20   Plaintiff Paul Mankin filed the initial class action complaint ("Complaint")
21   on September 13, 2013 asserting claims under the TCPA. In the Complaint,
22   Plaintiff alleged causes of action for negligent and intentional violations of the
23   TCPA. Based on those allegations, Plaintiff sought $500 per negligent violation,
24   $1,500 for each intentional violation, and injunctive relief. Plaintiff's claims
25   were brought on behalf of a class of individuals who allegedly received
26   telephone calls to their mobile phones from MWRC without consent using an
27   automatic telephone dialing system or artificial or prerecorded voice technology.
28   (Dkt. No. 1.)

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1
2
3
4
5
6

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Parties attended mediation with the Hon. Carl J. West, Ret. of JAMS on December 4, 2013.  The Parties did not resolve the case at the mediation on December 4, 2013, but engaged in numerous subsequent discussions through e-mails and telephone discussions with Judge West.  Through his guidance, this Settlement was reached.  *See Kristensen Decl.*, ¶¶ 2-6.  As set forth below, Plaintiff respectfully requests that the Court approve the Settlement.

**III.   THE SETTLEMENT**

    **A.   The Settlement Class.**

        **1.   The Settlement Class.**

  The "Settlement Class" is defined in the Agreement as follows:

*"All mobile subscribers who were called by Mountain West Research Center on their mobile phones to 15,703 unique mobile numbers in connection with the Survey Campaigns for campaigns on May 18 to May 20, 2013 and July 22 to 24, 2013"*  (Agreement § II, p. 7, ¶ 1.)

Specifically excluded from the Settlement Class are the following persons: MWRC, its subsidiaries and affiliates, employees, officers, directors, agents, representatives and its family members, class counsel, the Presiding Judge and all persons who have timely opted-out.  (Agreement § II, p. 7, ¶ 1(A)-(D).)

        **2.   Class Membership Determination.**

The Settlement Class consists of all persons called by MWRC on their cellular phones for the Survey Campaigns during the Class Period, as stated above.  Based on data provided by MWRC and its counsel, the number of unique cell phone numbers in the Settlement Class is 15,703.  This data was confirmed by confirmatory discovery responses provided by MWRC.  *See Kristensen Decl.*, ¶ 7.  That information was also confirmed by review and investigation by Class Counsel.  *See id.*

    **B.   Settlement Payment.**

Under the Proposed Settlement, MWRC agrees to establish a Settlement

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

Fund in the amount of $1,495,000 (Agreement § I, pp. 6-7, ¶ 30) in order to fund the following: (1) retention of a Settlement Administrator and to pay for any and all costs associated with administrating the settlement, including costs for disseminating the Class Notice, providing CAFA notice, costs for distribution of Credit Payments, settlement administrator costs and costs of developing and maintaining the Settlement Website (Agreement § I, pp. 6-7, ¶ 30); (2) payment of a Credit Payment to all Settlement Class Members who do not opt-out during the Opt-Out Period (Agreement  § III,  p. 8, ¶ 1); (3) to pay the proposed $1,500 Incentive Payment to the Plaintiff (Agreement § VIII, p. 12, ¶ 3); and (4) payment of the proposed Attorneys' Fee and Cost Reimbursement Award in the amount of $373,750 to Class Counsel.  (Agreement § VIII, p. 12, ¶ 1.)  Any funds remaining after payment of all settlement costs and Credit Payments to the Settlement Class shall be paid to the National Consumer Law Center (Agreement § III, p. 8, ¶ 3).

### C.   <u>**Monetary Benefit to Class Members and Class Notice.**</u>

All of the approximately 15,703 persons in the Settlement Class who do not opt-out during the Opt-Out Period will receive a monetary payment of approximately $65.00 in the form of a check sent via U.S. mail.  The full names and physical addresses of the Settlement Class Members shall be determined through a reverse telephone look-up.  (Agreement § III, p. 8, ¶ 1.)  Members of the Settlement Class will not need to do anything in order to receive these payments.

The Settlement Administrator shall disseminate or arrange for the dissemination of the Class Notice in the form of a postcard; disseminate CAFA notice; and form and maintain the Settlement Website within five (5) business days after the Preliminary Approval Date.  The Settlement Website shall contain relevant documents pertaining to the settlement including the Settlement Agreement, Opt-Out Form and the Preliminary Approval Order.  (Agreement § I,

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-8-

p. 6, ¶30; and § V, pp. 9-10, ¶¶ 1-4.)

Not later than five (5) business days after the Preliminary Approval Date, or such earlier date as is feasible, the Settlement Administrator shall post the Long Form Class Notice on the Settlement Website.  (Agreement, § VI, p. 11, ¶ 4.).  Promptly following the Preliminary Approval Date, Class Counsel may post the Long Form Class Notice on the Class Counsel's website and direct inquiries regarding the settlement to the Settlement Administrator.

### D.   Scope of Release.

The scope of the release by all Settlement Class Members who do not request exclusion includes any and all claims against the Releasees arising out of telephone calls made by MWRC to mobile phone numbers in connection with the Survey Campaigns during the Class Period.  The release covers known and unknown claims in connection with the Survey Campaigns.  (Agreement § I, pp. 5- 6, ¶ 25; § 10, p. 21, ¶ 3A.)

### E.   Opportunity to Opt Out and Object.

Under the terms of the proposed Settlement, Settlement Class Members will have the right to opt out of the Settlement or object to its terms.  Each Settlement Class Member who wishes to exclude him or herself from the settlement must submit an opt-out request no later than 45 days after the Class Notice Date by either submitting an online Opt-Out Form electronically through the Settlement Website or mailing the online form to the Settlement Administrator.  Each Settlement Class Member who does not opt-out and who wishes to object to the settlement may do so by submitting a statement of objection no later than 45 days after the Class Notice Date.  (Agreement § VI, p. 11, ¶5.)  Any Settlement Class Member who objects to the proposed settlement must serve on the Settlement Administrator a statement of objection containing the objector's full name, address, e-mail and mobile telephone number, a written statement of all grounds for the objection and any legal support for such

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-9-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

1  objection, copies of any papers, briefs or other documents upon which the

2  objection is based, a written statement as to whether the objector intends to

3  appear at the Final Approval Hearing, a declaration setting forth any other

4  objections submitted in the previous five (5) years, and if the objector intends to

5  appear at the Final Approval Hearing through counsel, the objection must

6  identify said attorney.  (Agreement § IX, pp.15-16, ¶ 19-18.)

7  ### F.  <u>Payment of Notice and Administrative Costs</u>

8  MWRC will make a single payment of $1,495,000 into an account created

9  by the Settlement Administrator.  (Agreement § I, pp. 6-7, ¶ 30.)  The Settlement

10  Administrator will use these funds to administer all costs of the settlement,

11  including providing Class Notice, providing CAFA notice, maintaining the

12  Settlement Website and arranging for the Credit Payments to Class Members.

13  (Agreement § I, pp. 6-7, ¶ 30.)  The funds shall also be used to cover the

14  Attorneys' Fee Award to Class Counsel and the Incentive Award to Plaintiff Paul

15  Mankin.  (Agreement § VIII, pp. 12-13 ¶ 1-6.)

16  ### G.  <u>Class Representatives' Application for Incentive Awards.</u>

17  The proposed Settlement contemplates that Class Counsel will request an

18  Incentive Award in the amount of $1,500 to be distributed to the Class

19  Representative, subject to Court approval.  MWRC has indicated that it does not

20  oppose this request.  (Agreement §VIII, p. 12, ¶ 1.)

21  ### H.  <u>Class Counsel's Application for Attorneys' Fees, Costs, and</u>

22  <u>Expenses.</u>

23  The Proposed Settlement contemplates that Class Counsel shall be

24  entitled to apply to the Court for an award of attorneys' fees and reimbursement

25  of costs in the amount of $373,750, representing 25% of the total settlement

26  fund, to be paid from the Settlement Fund.  MWRC has indicated that it will not

27  oppose an application by Class Counsel for an award of attorneys' fees and

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

1  costs, as long as it does not exceed this stated amount.  (Agreement § VIII, p.

2  12, ¶ 3.)

3  **I.**   *Cy Pres* **Distribution.**

4       Under the terms of the Settlement, any funds remaining from the

5  Settlement Fund after all Settlement Costs and Credit Payments are paid shall be

6  distributed in a *cy pres* distribution to National Consumer Law Center, subject

7  to approval by the Court.  (Agreement § III, p. 8, ¶3.)

8  **IV.**   A̲R̲G̲U̲M̲E̲N̲T̲

9       **A.**   **Legal Standards for Preliminary Approval of a Class Action**

10            **Settlement.**

11       A class action may not be dismissed, compromised or settled without the

12  approval of the court.  Fed. R. Civ. Proc. 23(e).  Judicial proceedings under

13  Rule 23 have led to a defined procedure and specific criteria for settlement

14  approval in class action settlements, described in the *Manual for Complex*

15  *Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*,

16  including preliminary approval, dissemination of notice to class members, and a

17  fairness hearing.  *Manual*, §§ 21.632, 21.633, 21.634.  The purpose of the

18  Court's preliminary evaluation of the settlement is to determine whether it is

19  within the "range of reasonableness," and thus whether notice to the class of the

20  terms and conditions of the settlement, and the scheduling of a formal fairness

21  hearing, are worthwhile.  *See* 4 Herbert B. Newberg, *Newberg on Class Actions*

22  § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*").  The

23  Court is not required to undertake an in-depth consideration of the relevant

24  factors for final approval.  Instead, the "judge must make a preliminary

25  determination on the fairness, reasonableness, and adequacy of the settlement

26  terms and must direct the preparation of notice of the certification, proposed

27  settlement, and date of the final fairness hearing."  *Manual*, § 21.632 (4th ed.

28  2004).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**P̲LAINTIFF'S̲ N̲OTICE OF̲ M̲OTION &̲ M̲OTION F̲OR P̲RELIMINARY A̲PPROVAL OF̲**
**C̲LASS S̲ETTLEMENT AND̲ C̲ERTIFICATION OF̲ S̲ETTLEMENT C̲LASS**

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1    As a matter of public policy, settlement is a strongly favored method for

2   resolving disputes.  *See Utility Reform Project v. Bonneville Power Admin.*, 869

3   F.2d 437, 443 (9th Cir. 1989).  This is especially true in class actions such as

4   this.  *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir.

5   1982).  As a result, courts should exercise their discretion to approve settlements

6   "in recognition of the policy encouraging settlement of disputed claims."  *In re*

7   *Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y.

8   1995).  To make the preliminary fairness determination, courts may consider

9   several relevant factors, including "the strength of the plaintiff's case; the risk,

10  expense, complexity, and likely duration of further litigation; the risk of

11  maintaining class action status through trial; the amount offered in settlement;

12  the extent of discovery completed and the stage of the proceedings; [and] the

13  experience and views of counsel . . . ."  *See Hanlon v. Chrysler Corp.*, 150 F.3d

14  1011, 1026 (9th Cir. 1998) ("*Hanlon*").  Furthermore, courts must give "proper

15  deference to the private consensual decision of the parties," since "the court's

16  intrusion upon what is otherwise a private consensual agreement negotiated

17  between the parties to a lawsuit must be limited to the extent necessary to reach a

18  reasoned judgment that the agreement is not the product of fraud or overreaching

19  by, or collusion between, the negotiating parties, and that the settlement, taken as

20  a whole, is fair, reasonable and adequate to all concerned."  *Id.* at 1027.

21    Preliminary approval does not require the Court to make a final

22  determination that the settlement is fair, reasonable, and adequate.  Rather, that

23  decision is made only at the final approval stage, after notice of the settlement

24  has been given to the class members and they have had an opportunity to voice

25  their views of the settlement or to exclude themselves from the settlement.  *See* 5

26  James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.).

27  Thus, in considering a potential settlement, the Court need not reach any ultimate

28  conclusions on the issues of fact and law which underlie the merits of the

dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625. Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).

Based on these standards, Plaintiff respectfully submits that, for the reasons detailed below, the Court should preliminarily approve the proposed

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-13-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1  Settlement as fair, reasonable and adequate.

2          **1.**       **Liability is Highly Contested and Both Sides Face**

3                  **Significant Challenges in Litigating this Case.**

4        Defendant MWRC has vigorously contested the claims asserted by

5  Plaintiff in this Litigation.  While both sides strongly believe in the merits of

6  their respective cases, there are risks to both sides in continuing the Litigation.

7  *See Kristensen Decl*, ¶ 10.  If the Litigation were to continue, challenges would

8  likely be made to any class certification motion made by Plaintiff, thereby

9  placing in doubt whether certification of a class could be obtained and/or

10  maintained in the Litigation.  Also, additional substantive challenges to the

11  claims might be raised, including a challenge on summary judgment.  In

12  considering the Settlement, Plaintiff and Class Counsel carefully balanced the

13  risks of continuing to engage in protracted and contentious litigation, against the

14  benefits to the Class.  As a result, Class Counsel support the Settlement and seek

15  its Preliminary Approval.  *See Kristensen Decl*, ¶ 10.

16        Similarly, MWRC believes that it has strong and meritorious defenses not

17  only to the action as a whole, but also as to class certification and the amount of

18  damages sought.  However, MWRC recognizes that if a class were certified, the

19  potential amount of damages could be significantly higher than the settlement

20  amount at issue.

21        The negotiated Settlement reflects a compromise between avoiding that

22  risk and the risk that the class might not recover.  Because of the costs, risks to

23  both sides, and delays of continued litigation, the Settlement presents a fair and

24  reasonable alternative to continuing to pursue the Litigation.

25          **2.**       **Defendant's Agreement to Make a Credit Payment to**

26                  **Class Members Provides a Fair and Substantial Benefit to**

27                  **the Class.**

28        As set forth above, MWRC has agreed to pay $1,495,000 to fund the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-14-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

1  settlement, which includes notice and claims administration costs, creating and

2  maintaining a Settlement Website, providing CAFA notice, an Incentive Award

3  to Plaintiff Paul Mankin in the amount of $1,500 and attorneys' fees and

4  reimbursement of costs in the amount of $373,750.

5        No claim forms from Settlement Class Members need to be submitted, as

6  MWRC's records clearly demonstrate which mobile numbers were called.

7  Settlement Class Members will be considered to have claimed in to the

8  settlement unless they request exclusion from the settlement in a timely manner.

9  In other words, Settlement Class Members who do not opt out need not take any

10  action in order to receive the monetary benefits of the settlement.  Class

11  Members who do not opt out will receive a credit in the form of a mailed check

12  in the amount of approximately $65.00.[2]

13        By simply mailing checks to Settlement Class Members who elect to

14  remain in the class, this will significantly enhance the ability to distribute

15  benefits to the Settlement Class while reducing the amount of funds that are

16  distributed to a *cy pres* recipient.   As a result, it is anticipated that the vast

17  majority of the Settlement Fund will provide direct and meaningful benefits to

18  the Settlement Class.  *See Shames v. Hertz Corp.*, Case No. 07-CV-2174-MMA

19  WMC, 2012 WL 5392159 at *13 (S.D. Cal. Nov. 5, 2012) (settlement was fair

20  where the parties "negotiated a settlement that provide[d] direct payment to class

21  members"); *Hopson v. Hanesbrands Inc.*, Case No. CV-08-0844 EDL, 2009 WL

22  928133, at *11 (N.D. Cal. Apr. 3, 2009) ("the benefits can be accurately traced

23  because they are monetary payments directly to Class Members"); *Briggs v.*

24  *United States*, Case No. C 07-05760 WHA, 2010 WL 1759457 (N.D. Cal. Apr.

25  30, 2010) (settlement agreement was fair where it did not require class members

26  to file claim forms).

27  _____

28      [2]   The anticipated costs to administer the settlement are estimated to
           be no more than $90,000.  *See Kristensen Decl*, ¶ 6.

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1    Courts favor direct payment to class members over *cy pres* distributions.

2   *See Molski v. Gleich*, 318 F.3d 937, 954-55 (9th Cir. 2003) *overruled on other*

3   *grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (cy pres

4   provision is a disfavored substitute for distribution of benefits directly to class

5   members); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) ("[T]he

6   cy pres doctrine—unbridled by a driving nexus between the plaintiff class and

7   the cy pres beneficiaries—poses many nascent dangers to the fairness of the

8   distribution process.").

9    This settlement here intentionally avoids providing significant benefits to a

10   *cy pres* recipient at the expense of the class.  *See Dennis v. Kellogg Co.*, 697 F.3d

11   858, 862-63 (9th Cir. 2012) (the amount of a cy pres award "must be examined

12   with great care to eliminate the possibility that it serves only the 'self-interests'

13   of the attorneys and the parties, and not the class"); *Lane v. Facebook, Inc.*, 709

14   F.3d 791, 793 (9th Cir. 2013) ("We require district judges to be reasonably

15   certain that class members will benefit before approving a cy pres settlement.");

16   *In re EasySaver Rewards Litig.*, 921 F. Supp. 2d 1040, 1049 (S.D. Cal. 2013).

17    The settlement award that each Settlement Class Member will receive is

18   fair, appropriate, and reasonable given the purposes of the TCPA and in light of

19   the anticipated risk, expense, and uncertainty of continued litigation.  Although

20   the TCPA provides for statutory damages of $500 per violation, it is well-settled

21   that a proposed settlement may be acceptable even though it amounts to a

22   percentage of the potential recovery that might be available to the class members

23   at trial.  *See e.g., National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

24   527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be

25   acceptable even though it amounts to only a fraction of the potential recovery");

26   *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (E.D. Pa.

27   2000) ("the fact that a proposed settlement constitutes a relatively small

28   percentage of the most optimistic estimate does not, in itself, weigh against the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-16-

settlement; rather, the percentage should be considered in light of the strength of the claims"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) (court-approved settlement amount that was just over 9% of the maximum potential recovery); *In re Mego Fin'l Corp. Sec. Litig.*, 213 F. 3d 454, 459 (9th Cir. 2000).

The Proposed Settlement in this case is comparable with (or better than) other TCPA class action settlements. *See Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, Case No. 3:10-CV-1777 AJB NLS, 2012 WL 3991734, at *8 (S.D. Cal. Aug. 27, 2012) report and recommendation adopted, 10CV1777 AJB NLS, 2012 WL 3809123 (S.D. Cal. Sept. 4, 2012) (approving settlement in TCPA class action of approximately $70 per class member); *Malta v. Fed. Home Loan Mortgage Corp.*, Case No. 10-CV-1290 BEN NLS, 2013 WL 444619, at *7 (S.D. Cal. Feb. 5, 2013) (granting preliminary approval of TCPA class action settlement where, if all eligible claimants filed claims, they would receive approximately $2 each); *Spillman v. RPM Pizza, LLC*, Case No. CIV.A. 10-349-BAJ, 2013 WL 2286076, *4 (M.D. La. May 23, 2013) (granting final approval of TCPA settlement where class members received less than $20 each).

Thus, the Settlement provides substantial benefit to the Class Members, as they will receive meaningful monetary recovery with no burden and no expense.

### 3. The Settlement Was Reached As the Result of Arms-Length Negotiation, Without Collusion, With the Assistance of the Mediator.

The proposed Settlement is the result of intensive arms-length negotiation, including an all-day mediation session before the Hon. Carl J. West (Ret.).   The Parties also engaged in subsequent negotiations through Judge West by emails and telephone calls.  The Parties conducted confirmatory discovery as well. With the guidance of Judge West, and working independently of the Court, the Parties were able to reach a proposed resolution of this case.  Class Counsel are

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

satisfied that the information provided about the number of cell phones called as part of the Survey Campaigns is accurate.  The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion.  *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

### 4.      Experienced Counsel Have Determined That the Settlement Is Appropriate and Fair to the Class.

Plaintiff is represented by counsel experienced in complex class action litigation.  Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection and specifically the TCPA.  Class Counsel has been identified in the Daily Journal 20 under 40 edition in 2011 and has been appointed to leadership positions in multi-district litigation.  *See Kristensen Decl*, ¶¶ 15-26.  Class Counsel believes that the Settlement is fair, reasonable and adequate.

### B.      The Court Should Preliminarily Certify the Class for Purposes of Settlement.

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement.  *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes").  Certification of a class for settlement purposes requires a determination that certain requirements of Rule 23 are met.  *Id.*  As explained below, class certification is appropriate here because the Proposed Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

### 1.      The Proposed Class Is Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1   contains so many members that joinder of all would be impracticable.

2   "Impracticability does not mean 'impossibility,' but only the difficulty or

3   inconvenience of joining all members of the class." *Harris v. Palm Springs*

4   *Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).

5   Here, the Settlement Class consists of 15,703 mobile subscribers that were called

6   in connection with the Survey Campaigns during the Class Period.  Thus, the

7   proposed Class is sufficiently numerous for purposes of certifying a settlement

8   class.

9   **2.      The Commonality Requirement Is Satisfied, Because**

10  **Common Questions of Law and Fact Exist.**

11       The commonality requirement is met if there are questions of law and fact

12  common to the class.  *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal

13  issues with divergent legal factual predicates is sufficient, as is a common core of

14  salient facts coupled with disparate legal remedies within the class.").  Here, for

15  purposes of settlement, the proposed Class Members' claims stem from the same

16  factual circumstances, specifically that MWRC allegedly initiated telephone calls

17  using an autodialer to Class Members without their prior express consent in

18  connection with Survey Campaigns conducted for the same third party during the

19  Class Period.

20       Plaintiff's claims also present questions of law that are common to all

21  members of the Class for settlement purposes, including: (1) whether MWRC

22  negligently violated the TCPA; (2) whether MWRC willfully or knowingly

23  violated the TCPA; and (3) whether MWRC had "prior express consent" for

24  making the calls.  The Settlement Class Members all seek the same remedy.

25  Under these circumstances, the commonality requirement is satisfied for

26  purposes of certifying a settlement class.  *See Hanlon,* 150 F. 3d at 1019-20.

27  **3.      The Typicality Requirement Is Met.**

28       The typicality requirement is met if the claims of the named

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-19-

representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  For purposes of settlement, Plaintiff's claims are typical of the class because they arise from the same factual basis – calls were made to Plaintiff's cell phone using autodialing equipment – and are based on the same legal theory – the calls allegedly violated the TCPA. *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).  The Class Representative claims that he was contacted by MWRC on his cellular telephone via an automatic telephone dialing system without his consent.  Accordingly, the Class Representative's claims are typical of those of the Settlement Class.  Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

### 4.     The Adequacy Requirement Is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Class Members because, for purposes of the Settlement, Plaintiff's claims are typical of those of other Settlement Class Members.  In addition, Plaintiff and Class Counsel have been prosecuting this Litigation vigorously on behalf of the Class. Plaintiff and Class Members share the common goal of protecting and improving consumer and privacy rights throughout the nation, and there is no conflict among them.  Class Counsel have extensive experience in business and corporate litigation, including the prosecution of class actions seeking to protect privacy

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1   and consumer rights, including TCPA actions.  Class Counsel is qualified to

2   represent the interests of the Class.  Rule 23(a)(4) is therefore satisfied for

3   purposes of certifying a settlement class.

4        **5.**     **Common Questions Predominate, Sufficient to Certify a**

5           **Class for Settlement Purposes Only.**

6        Class certification under Rule 23(b)(3) is appropriate where "questions of

7   law or fact common to class members predominate over any questions affecting

8   only individual members."  Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on

9   whether the class is "sufficiently cohesive to warrant adjudication by

10  representation."  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las*

11  *Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question

12  is "'the notion that the adjudication of common issues will help achieve judicial

13  economy.'"  *Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th

14  Cir. 2001) (citation omitted), *amended*, 273 F. 3d 1266 (9th Cir. 2001).

15       Here the central inquiry for purposes of the Proposed Settlement is

16  whether MWRC violated the TCPA by using automated technology (*i.e.* an

17  autodialer) to initiate telephone calls to the cellular phones of Class Members

18  without their consent.  "When common questions present a significant aspect of

19  the case and they can be resolved for all members of the class in a single

20  adjudication, there is clear justification for handling the dispute on a

21  representative rather than on an individual basis."  *Hanlon*, 150 F.3d at 1022.

22       **6.**     **Class Treatment for Settlement Purposes is Superior to**

23          **Individual Resolutions.**

24       To determine whether the superiority requirements of Rule 23(b)(3) are

25  satisfied, a court must compare a class action with alternative methods for

26  adjudicating the parties' claims.  Lack of a viable alternative to a class action

27  necessarily means that a class action satisfies the superiority requirement.  "[I]f a

28  comparable evaluation of other procedures reveals no other realistic possibilities,

1    [the] superiority portion of Rule 23(b)(3) has been satisfied."

2    *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163.  *See also, Valentino v.*

3    *Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a

4    superior method for managing litigation if no realistic alternative exists").

5          Consideration of the factors listed in Rule 23(b)(3) supports the conclusion

6    that, for purposes of a settlement class, certification is appropriate.  Ordinarily,

7    these factors are (A) the interest of members of the class in individually

8    controlling the prosecution or defense of separate actions; (B) the extent and

9    nature of any litigation concerning the controversy already commenced by or

10   against members of the class; (C) the desirability or undesirability of

11   concentrating the litigation of the claims in the particular forum; and (D) the

12   difficulties likely to be encountered in the management of a class action.  Fed. R.

13   Civ. P. 23(b)(3).

14         However, when a court reviews a class action settlement, the fourth factor

15   does not apply.  In deciding whether to certify a settlement class action, a district

16   court "need not inquire whether the case, if tried, would present intractable

17   management problems."  *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620

18   (1997).  "With the settlement in hand, the desirability of concentrating the

19   litigation in one forum is obvious . . . ."  *Elkins v. Equitable Life Ins. of Iowa*,

20   No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27,

21   1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697

22   (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant

23   in the context of settlement'") (citation omitted).  Here, the Rule 23(b)(3)(A), (B)

24   and (C) factors all favor class certification:

25      •   Any Settlement Class Member who wishes to pursue a separate action

26          can opt out of the Settlement.

27      •   The Parties are unaware of any competing litigation regarding the

28          claims at issue.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

-22-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

- Plaintiff believes this forum is appropriate, and Defendant does not oppose the forum.

### C.   The Proposed Method of Class Notice Is Appropriate.

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must order the "best notice practicable" under the circumstances.  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1025.

Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice.  The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice via postcard in a form materially consistent with Exhibit A to the Agreement.  The Class Notice here satisfies each of the requirements of Rule 23(c)(2)(B) above.  Further, mailed postcard notice has routinely been held to be adequate notice to a Settlement Class.  *See Schaffer v.*

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

*Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent postcards that directed them to a settlement website); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

The Parties possess records of all the cellular telephone numbers called during the Survey Campaigns. The Settlement Administrator will employ reverse telephone look-up procedures to identify the subscriber names and physical addresses associated with the mobile numbers identified on the Class List. The Settlement Administrator will run the names and addresses obtained via this process through the National Change of Address (NCOA) database. To the extent any physical addresses identified through reverse look-up are no longer valid, the Settlement Administrator will send Class Notice to any forwarding addresses that are provided. *See generally Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving settlement in TCPA class action using reverse lookup to locate class members).

Further notice will also be provided through the Settlement Website, which will contain the Long Form Class Notice (Ex. B to the Agreement), the Opt-Out Form (Ex. C to the Agreement), and the Preliminary Approval Order. The notices and settlement documents will be disseminated and posted on the Settlement Website sufficiently prior to the Final Approval Hearing to give Settlement Class Members the opportunity to comment on the Settlement, or to opt out and preserve their rights. Specifically, Settlement Class Members will have 45 days from the time dissemination of Class Notice has been completed to opt out of the settlement or object. *Cf. Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as Class

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

as a whole had notice adequate to flush out whatever objections might reasonably be related to the settlement) citing *Marshall v. Holiday Magic, Inc*., 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of notice which was mailed 26 days before the deadline for opting out of the settlement).  Further, the Settlement Website shall be maintained and accessible to Settlement Class Members during this time and through the conclusion of the settlement proceedings in this case.

This notice program was designed to meaningfully reach the largest number of Settlement Class Members possible.  Since the telephone calls at issue were made about a year ago, the ability to identify Settlement Class Members via the reverse look-up procedure should be high, i.e., mailed postcard notice will likely reach most Settlement Class Members.

Not only is mailed notice through reverse look-up likely to be very successful in reaching the Settlement Class, it is also the best practical notice under the circumstances since only mobile numbers are known.  The concurrent dissemination of the Long Form Class Notice on the Settlement Website, combined with the Class Notice, satisfies the requirements of due process and constitutes the best notice practicable under the circumstances.

The Settlement Administrator shall prepare and file a declaration prior to the Final Approval Hearing certifying that the notice program has been properly administered in accordance with this Agreement, this Court's Orders, and as described herein.

### D.   The Court Should Provisionally Appoint the Class Representative and Appoint Class Counsel.

"[T]wo criteria for determining the adequacy of representation have been recognized.  First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1   class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.

2   1978).  The adequacy of representation requirement is met here.  For settlement

3   purposes, Class Counsel moves for Plaintiff Paul Mankin to be preliminarily

4   appointed as the Class Representative.  Class Counsel requests that Kristensen

5   Weisberg, LLP preliminarily be appointed as Class Counsel for purposes of the

6   Settlement.  Plaintiff's counsel has extensive experience sufficient to be

7   appointed as Class Counsel.  Plaintiff Mankin understands the obligations of

8   serving as a class representative, has adequately represented the interests of the

9   putative class, and has retained experienced counsel.[3]  Plaintiff has no

10  antagonistic or conflicting interests with the Settlement Class, and all members

11  of the Settlement Class are eligible to receive the same benefits.

12          **E.     The Court Should Appoint the Garden City Group as the**

13                  **Settlement Administrator.**

14          Plaintiff proposes that the Court appoint the Garden City Group to serve as

15  the Settlement Administrator.  The Garden City Group specializes in providing

16  administrative services in class action litigation, and has extensive experience in

17  administering consumer protection and privacy class action settlements.

18  Defendant does not oppose this request.

19          **F.     A Final Approval Hearing Should Be Scheduled.**

20          The last step in the settlement approval process is the formal fairness or

21  Final Approval Hearing, at which time the Court will hear all evidence and

22  argument, for and against, the proposed Settlement.  Plaintiff requests that the

23  Court grant preliminary approval of the Settlement and schedule a Final

24  Approval Hearing to be held not before 70 days after the date of entry of the

25  Preliminary Approval Order, in order to allow sufficient time for providing

26  CAFA Notice, establishing the P.O. Box, the toll-free number and the Settlement

27

28  ───────────────
[3] Plaintiff is an attorney who has filed class actions, including TCPA class actions.

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

1    Website, and completion of the 45 day period for class members to submit

2    exclusion requests and objections.

3    **V.    CONCLUSION**

4            For all the foregoing reasons, Plaintiff respectfully requests that the Court

5    enter an order preliminarily approving the proposed Settlement and certifying a

6    class for settlement purposes.

7

8     Dated:  July 28, 2014                    Respectfully submitted,

9                                      By:  _/s/ John P. Kristensen_

10

11                                           John P. Kristensen (SBN 224132)
                                             _john@kristensenlaw.com_
12                                           David L. Weisberg (SBN 211675)
                                             _david@kristensenlaw.com_
13                                           **KRISTENSEN WEISBERG, LLP**
                                             12304 Santa Monica Blvd., Suite 221
14                                           Los Angeles, California 90025
                                             Telephone:  (310) 507-7924
15                                           Fax:  (310) 507-7906

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Kristensen Weisberg, LLP, 12304 Santa Monica Boulevard, Suite 221, Los Angeles, California 90025.  The foregoing document was served via ECF on all parties and their attorneys of record in case number  2:13-CV-6447-DSF (AGRx) entitled PAUL MANKIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. MOUNTAIN WEST RESEARCH CENTER, L.C., ET AL.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on July 28, 2014.

*/s/ John Kristensen*
John Kristensen