**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL MANKIN, individually and on behalf of all others similar situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MOUNTAIN WEST RESEARCH CENTER, L.C., and DOES 1 through 10, inclusive, and each of them,<br><br>　　　　Defendants. | Case No. 2:13-cv-06447-DSF (AGRx)<br><br>**CLASS ACTION**<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |

Plaintiff's motion for preliminary approval of a class action settlement and certification of a settlement class came on for hearing on Monday, September 8, 2014 at 1:30 p.m. before this Court. The Court, having considered the motion and the Parties' proposed settlement, grants Plaintiff's motion as follows:

1. The Court has reviewed the terms of the Parties' Agreement and preliminarily finds that the Agreement appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and scheduling a formal fairness hearing. The Court finds that the Agreement contains no obvious deficiencies and that the Parties entered into the settlement in good faith, following arm's length negotiations between their respective counsel. The Court adopts the definitions set forth in the Agreement and all defined words or phrases used in this Order shall have the same meaning as in the Agreement.

2. The Court certifies the following class for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> *All mobile subscribers who were called by Mountain West Research Center on their mobile phones to 15,703 unique mobile numbers in connection with the Survey Campaigns for campaigns on May 18 to May 20, 2013 and July 22 to 24, 2013.*

Excluded from the Settlement Class is Defendant and its subsidiaries and affiliates, employees, officers, directors, agents and representatives and its family members; Class Counsel; all judicial officers who have presided over the Lawsuit; and all persons who timely elect to become Opt-Outs from the Settlement Class in accordance with this Order.

3. The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the class. Joinder of all class members in a single proceeding would be

impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among class members and predominate over questions affecting individual class members. Plaintiff's claims are typical of those of the Settlement Class. Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class. Plaintiff has no interest antagonistic to those of the Settlement Class and has retained counsel experienced and competent to prosecute this matter on behalf of the class. Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

4. For purposes of settlement, the Court appoints Named Plaintiff Paul Mankin to serve as class representative. Further, pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints John Kristensen and David Weisberg of Kristensen Weisberg, LLP to serve as Class Counsel.

5. Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Settlement Class be given notice of the pendency of this action and the Parties' proposed settlement. The Court finds that the Class Notice dissemination procedure set forth in Section VI of the Agreement (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Thus, the Court adopts and incorporates the Class Notice dissemination procedures set forth in Section VI of the Agreement into this Order.

6. The Court approves the Class Notice, Long Form Class Notice, and Opt-Out Form, which have been revised in accordance with the Court's orders. The Court also approves the creation of a Settlement Website by the Settlement Administrator.

7. The Court appoints Garden City Group as Settlement Administrator to disseminate notice to the Settlement Class and administer the settlement. The Court orders Garden City Group to: (i) create the Settlement Website; (ii) complete dissemination of the Class Notice to the Settlement Class by October 22, 2014; (iii) file proof of the dissemination of the Class Notice to the Settlement Class at least fourteen (14) days before the Final Approval Hearing; (iv) establish a post office box in Garden City Group's name to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications from Settlement Class Members; (v) promptly furnish Class Counsel, Defense Counsel, and Defendant with copies of any and all opt-out requests, objections, notices of intention to appear, or other communications from Settlement Class Members that come into its possession; and (vi) provide the Opt-Out List to Class Counsel and Defense Counsel no later than December 16, 2014 and file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof.

8. The Court orders the Settlement Administrator to provide a list of objectors to Class Counsel and Defense Counsel no later than seven (7) business days after the completion of the forty-five (45) day period in which Settlement Class Members may object to the settlement, and then file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received. The Settlement Administrator shall redact all information that is required to be redacted by this Court's Local Rules and General Orders.

9. The Court sets a Final Approval Hearing on January 12, 2015 at 1:30 p.m. to consider the fairness, reasonableness, and adequacy of the proposed settlement and Agreement and determine whether it should finally be approved by the Court. At that time, the Court will hear any applications for attorneys' fees, expenses, and/or incentive awards.

10. The Court sets December 15, 2014 as the deadline for filing the final approval motion and the application for the Attorneys' Fee Award.

11. The Court sets December 8, 2014 as the deadline by which Settlement Class Members must submit any: (i) request for exclusion from the Settlement Class; or (ii) objection to the Agreement, the proposed settlement, or to the Attorneys' Fee Award. The procedures and requirements for opting out of the Settlement Class or objecting to the Agreement, the proposed settlement, or to the Attorneys' Fee Award are set forth below.

12. The Court sets December 29, 2014 as the deadline for filing any reply memorandum in further support of final approval of the proposed settlement or the Attorneys' Fee Award application.

13. The Court orders that any Settlement Class Member who wishes to exclude him/herself from the Settlement Class may either submit an online Opt-Out Form electronically through the Settlement Website or print and mail the online form to the Settlement Administrator by December 8, 2014. Any Settlement Class Member who does not submit a timely written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14. The Court orders that any Settlement Class Member who becomes an Opt-Out may rejoin the Settlement Class by providing written notice to the Settlement Administrator no later than fourteen (14) days after the Final Approval Hearing.

15. The Court orders that any Settlement Class Member who does not exclude him/herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, the proposed settlement, or to the Attorneys' Fee Award must serve on the Settlement Administrator no

later than December 8, 2014 a statement of the objections signed by the Settlement Class Member. The objection shall be in writing, signed by the Settlement Class Member, and shall contain all of the following information: (i) the objector's full name, address, email, and mobile telephone number; (ii) a written statement of all grounds for the objections accompanied by any legal support for such objections; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a written statement as to whether the objector intends to appear at the Final Approval Hearing; (v) a declaration setting forth any other objections submitted by the objector, or the objector's counsel, to any class action settlement submitted in any court, whether state, federal or otherwise, in the United States in the previous five (5) years; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing. Any Settlement Class Member who does not submit a timely written objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise.

16. The Court orders that any Settlement Class Member, who submits a written objection and who intends to make an appearance at the Final Approval Hearing, provide to the Settlement Administrator the written objection as well as a notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

17. The Court orders that any attorney hired by a Settlement Class Member will be at the Settlement Class Member's sole expense for the purpose of objecting to this Agreement, to the proposed settlement, or to the Attorneys' Fee Award and such attorney shall provide to the Settlement Administrator the written objection by the deadline specified in paragraph 15 above as well as a

notice of intention to appear at the Final Approval Hearing no later than thirty (30) days before the Final Approval Hearing.

18. The Settlement Administrator shall provide copies of any written objections and notices of intention to appear to Class Counsel and Defense Counsel and shall then file the objections and notices of intention to appear with the Court at last fourteen (14) days before the Final Approval Hearing. The Settlement Administrator shall redact all information that is required to be redacted by this Court's Local Rules and General Orders.

19. The Court orders that (i) the submission of an objection allows Class Counsel or Defendant's Counsel to notice the deposition of the objector consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or tangible items that are relevant to the objection; (ii) the failure by an objector to make himself or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection and denying that person the opportunity to make an objection or to be heard; and (iii) the Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous and/or made for an improper purpose.

20. The Court preliminarily enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding against Defendant in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; or (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding against Defendant as a class action on behalf of any Settlement Class Members who have not timely excluded themselves

(including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims.

**IT IS SO ORDERED.**

Dated: 9/16/14  _____
Honorable Dale S. Fischer
United States District Judge