JOHN P. KRISTENSEN (SBN 224132)
*john@kristensenlaw.com*
DAVID L. WEISBERG (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, CA 90025
Telephone: 310-507-7924
Fax: 310-507-7906

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MANKIN, individually and on behalf of all others similar situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST RESEARCH CENTER, L.C., and DOES 1 through 10, inclusive, and each of them,,<br><br>    Defendants. | Case No. 2:13-cv-06447-DSF-AGR<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF AND MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**<br><br>Date:  January 12, 2015<br>Time:  1:30 p.m.<br>Ctrm: 840<br><br>Assigned to the Honorable Dale S. Fischer<br><br>Action Filed on September 3, 2013<br><br>[Filed and Served Concurrently with Declaration of John P. Kristensen; [Proposed] Order] |

*(Left margin, vertical text)* Kristensen Weisberg, LLP  12304 Santa Monica Blvd., Suite 100  Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 12, 2015, at 1:30 p.m., before the United States District Court, Central District of California, Courtroom 840, 255 East Temple Street Los Angeles, California 90012-3332, Plaintiff Paul Mankin ("Plaintiff") will move this Court for an order granting Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Incentive Payment.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated: December 15, 2014          Respectfully submitted,

By: _____/s/ John P. Kristensen_____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3

Plaintiff's counsel certifies that prior to filing the instant motion, the parties, through counsel, met and conferred pertaining to the contents of the instant motion. Defendant does not oppose Plaintiff's motion.

Dated:  December 15, 2014          Respectfully submitted,

By:    _____/s/ John P. Kristensen_____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906

# Table of Contents

MEMORANDUM OF POINTS & AUTHORITIES ...............................................4

I.  Introduction ........................................................................................4

II.  Proceedings to Date ...........................................................................5

III.  Background .........................................................................................6

   A. The Settlement Represents an Outstanding Result
     for the Class .....................................................................................8

   B. Class Counsel Undertook Considerable Risk
     In Prosecuting this Action ..............................................................9

IV.  Argument ..........................................................................................11

   A. The Request Fee Award is Fair, Reasonable,
     and Justified ...................................................................................11

     1.  The Request Fee is Presumptively Reasonable
       Because it Resulted from Arm's Length Negotiations ..........14

     2.  The Court Should Apply the Percentage-of-the-Fund
       Method .................................................................................15

     3.  Class Counsel's Fee Request is Warranted under
       the Percentage-of-the-Fund Method ...................................17

       a.  Class Counsel have obtained an excellent result .............18

       b.  The risks of litigation support the requested fee .............19

       c.  The skill required and quality of work performed
         support the requested fee .................................................19

       d.  The undertaking of this action on a contingency-fee
         basis supports the requested fee ......................................21

     4.  A Lodestar-Plus Multiplier Cross-Check Supports the
       Requested Fees .....................................................................22

       a.  Class Counsel's lodestar is reasonable ............................22

       b.  A multiplier is warranted ................................................23

   B. The Payment of Costs is Fair and Reasonable .............................25

   C. Plaintiff's Incentive award is Reasonable ...................................25

V.  Conclusion ........................................................................................28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

# Table of Authorities

## Cases

*Barcia v. Contain-A-Way, Inc.,* 2009 U.S. Dist. LEXIS 17118, at *15 (S.D. Cal. 2009) ....................................................................................................7

*Behrens v. Wometco Enter., Inc.,* 118 F.R.D. 534, 548 (S.D. Cal. 1988) aff'd, 899 F.3d 21 (11th Cir. 1990) .............................................................17

*Bert v. AK Steel Corp.,* 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23m 2008) ....15

*Blum v. Stevenson,* 465 U.S. 886, 895, n.11 (1994) ..............................................23

*Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980) ..........................................12

*Boyce v. Sports and Fitness,* Case No. 03-CV-2140-BEN (BLM) (S.D. Cal. Jan. 24, 2006) ...................................................................................................14

*Craft v. County of San Bernardino,* 2008 WL 916965, at *11 (C.D. Cal. 2008) ...............................................................................................7, 24

*Davis v. City and County of San Francisco,* 976 F.3d 1536, 1546 (9th Cir. 1992) ..........................................................................................23

*Dennis V. Kellogg Co.,* 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) .......15

*Di Gacomo v. Plains All Am. Pipeline,* 2001 U.S. Dist. LEXIS 25532, at *31 (S.D. Tex. Dec. 18, 2001) ......................................................................24

*Fadhl v. City and County of San Francisco,* 859 F.2d. 649 (9th Cir. 1986) ..........25

*Fischel v. Equit Life Assurance Soc'y,* 307 F.3d 997, 1008 (9th Cir. 2002) .........22

*Fitzgerald v. City of Los Angeles,* 2003 U.S. Dist. LEXIS 27382, at *9 (C.D. Cal. Dec. 8, 2003) ...........................................................................................27

*Garner v. State Farm,* 2010 U.S. Dist. LEXIS 49482, at *5-6 (N.D. Cal. Apr. 22, 2010) ......................................................................................................17

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

---

*Glass v. UBS Fin. Servs.,* 2007 U.S. Dist. LEXIS 8476, at \*48 (N.D. Cal. Jan. 26, 2007) ..............................................................................................22

*Graham et al. v. Overland Solutions, Inc.,* Case No. 10-CV-00672-BEN-BLM (S.D. Cal. Jan. 30, 2013) ....................................................................13

*Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S/ Ct. 2193, 68 L. Ed. 2d 693 (1981) ...............................................................................................10

*Gutierrez v. Barclays Group,* No. 10-CV-01012-DMS-BGS (S.D. Cal. March 12, 2012 ................................................................................................14

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) ..............12, 15, 22

*Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) ............................................14, 18

*In re Activision Securities Litigation,* 723 F. Supp. 1373, 1378-1379 (N.D. Cal. 1989) ...........................................................................................12, 16

*In re Apple Computer, Inc. Derivative Litig.,* 2008 U.S. Dist. LEXIS 108195, at \*12 (N.D. Cal. Nov. 5, 2008) ...........................................................14

*In re Bluetooth Headset Products Liability Litigation,* 654 F. 3d 935, 942 (9th Cir. 2011) ..........................................................................................13

*In re Heritage Bond Litig.,* 2005 WL 1594403, at \*18 (C.D. Cal. 2005) .........7, 17

*In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) ...............................................................................................25

*In re M.D.C. Holdings Sec. Litig.,* 1990 U.S. Lexis 15488, at \*21, 32 (S.D. Cal.Aug. 30, 1990) .....................................................................8, 17

*In re Media Vision Tech. Sec. Litig.,* 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) .............................................................................................9, 25

*In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d at 457, 463 (9th Cir. 2000) ...................................................................................................17, 19, 26

*In re Omnivision Techs, Inc.,* 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ..............................................................................13, 17, 18, 19, 20, 22

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**

-III-

*In re SeraCare Life Sciences, Inc. Sec. Litig.,* No. 05-CV-02335-JLS-CAB (S.D. Cal. Sept. 24, 2008) ...................................................................................14

*In re Trans Union Corp. Privacy Litig.,* 211 F.R.D. 328, 350-351 (N.D. Ill 2002) ...................................................................................................9

*In re Washington Pub. Power Supply System Sec. Litig.,* 19 F.3d 1291, 1300 (9th Cir. 1994) ...............................................................12, 16, 17, 21, 24

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) ............... 22, 24

*Knight v. Red Door Salons, Inc.,* 2009 U.S. Dist. LEXIS 1149, at *17 (N.D. Cal. Feb. 2, 2009) ...................................................................................17

*Langille v. EMC Corporation, Inc.,* No. 07-CV-0651 (S.D. Cal. July 9, 2008) ...14

*Larson v. Sprint Nextel Corp.,* 2010 WL 239934, at *11 (D.N.J. Jan 15, 2010) ...................................................................................15

*Lewis v. Starbucks Corp.,* 2008 U.S. Dist. LEXIS 83192, 2008 WL 416690 (E.D. Cal. September 11, 2008) ..........................................................................11

*Linney v. Cellular Alaska Partnership,* 151 F.3d at 1242...................................................................................................19

*Linney v. Cellular Alaska Part.,* 1997 U.S. Dist. LEXIS 24300, at *23 (N.D. Cal. 1997) ...................................................................................26

*Louie v. Kaiser Found. Health Plan, Inc.,* 2008 U.S. Dist. LEXIS 78314, at *17-18 (S.D. Cal. 2008) ...............................................................................26

*Lopez v. Youngblood,* 2011 U.S. Dist. LEXIS 99289, at *10, 39-43 ...................24

*Mainstream Mktg. Servs. v. FTC,* 284 F. Supp. 2d 1266, 1273 (D. Colo. 2003) ..11

*Milliron v. T-Mobile USA, Inc.,* 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) ...................................................................................................15

*Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391-392, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970) ...........................................................................................9, 25

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**

*Morris v. Lifescan, Inc.,* 54 Fed Appx (9th Cir. 2003) ........................................12

*Opson v. Hansbrands Inc.,* 2009 U.S. Dist. LEXIS 33900, at *27-28
    (N.D. Cal. Apr. 3, 2009) ..............................................................27

*Ordick v. UnionBancCal Corp.,* 2009 U.S. Dist. LEXIS 171413, at *11 (N.D. Cal.
    Dec. 3, 2012) ..............................................................27

*Parker v. Time Warner Entm't Co., L.P.,* 331 F.3d 122, 22 (2d Cir. 2003) ..........9

*Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 483 U.S. 711,
    717-719 (1987) ..............................................................25

*Rodriguez v. West Publishing Corp.,* 563 F. 3d 948, 958 (9th Cir. 2009) ............26

*Sandoval v. Tharaldson Emp. Mgmt., Inc.,* 2010 WL 2486346, at *6 (C.D. Cal.
    June 15, 2010) ..............................................................15

*Serrano v. Unruh,* 32 Cal. 3d 621, 643 (1982) ........................................23

*Staton v. Boeing Co.,* 327 F. 3d 938, 963 (9th Cir. 2003) ..........................12, 26

*Steiner v. Am. Broad. Co.,* 248 Fed. Appx. 780, 783 (9th Cir. Cal. 2007) ............24

*Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261, 1269 (D.C. Cir. 1993) ............14, 21

*Takas et al. v. A.G. Edwards & Sons, Inc.,* No. 04-CV-1852-JAH (NLS) (S.D.
    Cal. Sept. 24, 2008) ..............................................................14

*Torres v. Nutrisystem, Inc.,* 289 F.R.D. 587 (2013) ..............................16, 24

*Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996) ..............10

*Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal.
    1995) ..............................................................26

*Vasquez v. Coast Roofing,* 2010 U.S. Dist. LEXIS 21159 (E.D. Cal 2010) ..........12

*Vizcaino v. Microsoft Corp.,* 290 F. 3d 1043, 1049 (9th Cir.
    2002) ..............................................................6, 12, 16, 17, 18, 19, 21, 23

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND
CLASS REPRESENTATIVE INCENTIVE PAYMENT**

-V-

*West v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 76558, at *26 (E.D. Cal. 2006) ..........................................................................................26

*Woo v. The Home Loan Group*, 2008 U.S. Dist. LEXIS 65144, 2008 WL 3925854 (S.D. Cal 2008) ........................................................................11

*Young v. Polo Retail, LLC*, 2007 U.S. Lexis 27269, at *22 .......................................7

**Statutes**

47 U.S.C. § 227 et seq. ...........................................................................................4

68 Fed. Reg. at 4629 (2003) ...................................................................................11

Fed. R. Civ. P. 23(e) ...............................................................................................11

Fed. R. Civ. P. 23(h) ...............................................................................................18

**Other Authorities**

2 McLaughlin on Class Actions § 6:7 (8th ed) ......................................................15

4 Herbert B. Newberg, *Newberg on Class Actions* § 14:6 (4th ed. 2002 and Supp. 2004) ...........................................................................................15, 16

7 Journal of Empirical Legal Studies 248, at 267-269 (2010) ..............................13

*Accord*, Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards* ......................................................................12

Carl W. Hittinger & Jarod M. Bona, *The Diminishing Role of the Private Attorney General in Antitrust and Securities Class Action Cases Aided by the Supreme Court*, 4 J. Bus. & Tech. L. 167, 169 (2009) ...............................11

Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, p. 336 (4th Ed. 2004).......................................................................................18

John C. Coffee, Jr., Understanding the Plaintiff's Attorney: The Implication of Economic Theory for Private Enforement of Law Through Class and Derivative Actions, 86 Colum. L. Rev. 669, 669 (1986) .........................10

Judith Resnik, Dennis E. Curtis & Deborah R. Hensler, *Individuals Within the Aggregate: Relationships, Representation, and Fees,* 71 N.Y.U. L.Rev. 296, 320 (1996) .................................................................................10

Thomas D. Rowe, Jr., *State and Foreign Class-Actions Rules and Statutes: Differences from – and Lessons for? – Federal Rule 23* (2207 35 W St. U. L. Rev. 147, 155 ...........................................................................10

Theodore Eisenberg & Geoffrey P. Miller, *Attorneys' Fees and Expenses in Class Action Settlements*: 1993-2008 .............................................13

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**

# MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff Paul Mankin (hereinafter referred to as "Plaintiff", "Mankin" or "Class Representative"), submits this memorandum in support of his unopposed Motion for Attorneys' Fees and Costs and Class Representative Incentive Payment.  Defendant does not oppose this motion.

## I.   INTRODUCTION

Class Counsel for plaintiff Paul Mankin seeks approval of payment of attorneys' fees and costs in the aggregate amount of $373,750.  As discussed in the Motion for Preliminary Approval of Class Action Settlement, the parties voluntarily agreed upon this payment during the course of mediation and the follow up negotiations that amicably resolved the current dispute.  (Dkt. No 24 ("Preliminary Approval Motion"), pp: 4:22-5:14.)  In addition, Plaintiff's counsel also seeks an incentive payment of $1,500 to be paid to Mankin as the Class Representative for his efforts in both bringing and helping to prosecute this matter.

Plaintiff brought this action arising from unsolicited telephone calls to Plaintiff's cellular phone call by means of an "automatic telephone dialing system" and/or using an "artificial or prerecorded voice" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").  The parties were able to resolve the dispute early during litigation, with the assistance of a respected third-party neutral, Hon. Carl J. West [Ret.].   Subsequently on September 16, 2014, this Court granted Preliminary Approval.  (Dkt. No. 29). Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Paul Mankin as the Class Representative; (iv) appointed John Kristensen and David Weisberg of Kristensen Weisberg, LLP as Class Counsel; and (v) set the date and

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  time of the Final Approval Hearing for January 12, 2015, at 1:30 P.M.  (Dkt. No.

2  29).

3      To date, there have been no objections to the Class Settlement or the

4  attorneys' fees and costs reimbursement request by Plaintiff.

5      By this Motion, and as detailed in the supporting declaration filed herewith,

6  Plaintiff's counsel seeks an award of attorneys' fees and costs.

7  **II.   PROCEEDINGS TO DATE**

8      On or about September 3, 2013, a putative class action Complaint was filed

9  against defendant Mountain West Research Center, L.C. (hereinafter referred to as

10  "MWRC" or "Defendant") in this Court, commencing civil litigation, entitled

11  Paul Mankin v. Mountain West Research Center, L.C., Case No. CV13-06447

12  asserting claims under the TCPA.  Based on those allegations, Plaintiff sought

13  $500 per negligent violation, $1,500 for each intentional violation, and injunctive

14  relief.  Plaintiff's claims were brought on behalf of a class of individuals who

15  allegedly received telephone calls to their mobile phones from MWRC without

16  consent using an automatic telephone dialing system or artificial or prerecorded

17  voice technology.  (Dkt. No. 1.)

18      On October 7, 2013, Kristensen Weisberg, LLP substituted as counsel of

19  record for Plaintiff.  The Parties attended mediation with the Hon. Carl J. West,

20  Ret. of JAMS on December 4, 2013.  The Parties did not resolve the case at the

21  mediation on December 4, 2013, but engaged in numerous subsequent discussions

22  through e-mails and telephone discussions with Judge West.

23      Class Counsel has been intimately involved in every aspect of this case and

24  analyzed and reviewed all activity in connection with this matter.  Prior to

25  approving the Settlement, Class Counsel commenced confirmatory discovery to

26  ensure that the class was being protected.

27      On July 28, 2014, Plaintiff filed a Motion for Preliminary Approval of

28  Class Settlement and Certification of Settlement Class.  (Dkt. No. 24.)  After the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND
CLASS REPRESENTATIVE INCENTIVE PAYMENT**

-5-

1  hearing, on September 16, 2014, this Court issued an Order Preliminary

2  Approving Class Settlement and Certifying a Settlement Class.  (Dkt. No. 29.)

3  Currently pending before this Court is Plaintiff's request for attorneys' fees and

4  costs, and an incentive award for Plaintiff.

5  **III.   BACKGROUND**

6        The parties settled this matter early in litigation.   However, the parties were

7  well informed of the factual and legal challenges each side faced in protracted

8  litigation.   The parties determined that an expeditious class-wide resolution of the

9  parties' disputes would benefit all parties and the putative class members.  In this

10  regard, the parties participated in extensive settlement discussions even after a

11  full-day mediation with Judge Carl J. West.   As a result of these continuous

12  efforts, the current settlement provides a substantial financial benefit to each and

13  every class member.

14        The compromised settlement reached with the guidance of Judge West will

15  create a fund to be established by Defendant in the maximum amount of

16  $1,495,000 for payment to Class Members ("Settlement Fund"), payment of an

17  incentive award to Plaintiff for brining and litigating this action, and for attorneys'

18  fees and costs incurred by Class Counsel, as well as for administration of the

19  claims.  In consideration of this Settlement Fund, Plaintiff, on behalf of the class,

20  will dismiss this action and unconditionally release and discharge Defendant from

21  all claims relating to the action.

22        Based upon this substantial settlement, Class Counsel respectfully moves

23  this Court for an award of attorneys' fees and reimbursement of costs form the

24  Settlement Fund in the total amount of $373,250, which is 25% of the common

25  fund created for the class.  In common fund cases such as the current matter, the

26  Ninth Circuit's benchmark for attorneys' fee is 25% of the fund created for the

27  benefit of the Class, plus recovery of costs. *See Vizcaino v. Microsoft Corp.*, 290

28  F.3d 1043, 1049 (9th Cir. 2002) ("*Vizcaino*").

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

In the instant matter, Class Counsel have incurred 182.1 hours in attorney time and their billable rate of $500 an hour are reasonable and within the hourly rates charged for the same services in the community.   Class Counsel also incurred $3,579.50 in costs litigating this matter.  *See Declaration of John P. Kristensen in Support of Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Incentive Award.  ("Kristensen Decl.*), ¶¶ 18-19, Ex. 1.  The hours per partner are below:

|  | Hours | Rate/Hr. | Total |
|---|---|---|---|
| Hours incurred by Partner: John P. Kristensen | 104.6 | $500 | $52,300 |
| Hours incurred by Partner: David L. Weisberg | 77.5 | $500 | $38,750 |
| **Total Combined Lodestar** | 182.1 |  | $91,050 |

*Id.*

Here, Class Counsel seeks attorneys' fees and costs within the Ninth Circuit's benchmark and well within the range commonly awarded in comparable cases.[1]  The request is also well supported by a lodestar plus multiplier cross-check, if the Court choses to perform such an optional cross-check.  Said cross-check reveals that the fee amount request by Class Counsel would result in a multiplier of approximately four (4), which is well within the range for such

---

[1] "Federal courts have consistently approved of attorney fee awards over the 25% benchmark." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18 (C.D. Cal. 2005). "The 25% [benchmark] is substantially below the average class fund fee nationally..." *Craft v. County of San Bernardino*, 2008 WL 916965, at *11 (C.D. Cal. 2008). Indeed, in "most common fund cases, the award exceeds the benchmark." *Young v. Polo Retail, LLC*, 2007 U.S. LEXIS 27269, at *22 (N.D. Cal. 2007) (awarding 31%); *see also Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17118, at *15 (S.D. Cal. 2009) ("[t]he requested fee falls at the bottom end of the Ninth Circuit's benchmark of 25% to 40% of a common fund...").

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1    multipliers established by the Ninth Circuit.  *Id.* at 1051; and, fn. 6.  Furthermore,

2    the hours were not inflated and a result of make work.   Class Counsel was

3    efficient and Courts have stressed that early settlements should be incentivized as

4    long as they are fair and reasonable.   *In re M.D.C. Holdings Sec. Litig.*, 1990 U.S.

5    Dist. LEXIS 15488, at *21, 32 (S.D. Cal. Aug. 30, 1990) (awarding 30% fee

6    where settlement obtained "in a very short amount of time" and finding that class

7    counsel should be rewarded, not penalized, for achieving early success on behalf

8    of the class).   If parties were not incentivized, the inevitable result would be

9    additional litigation and wasted Court time.

10        In light of the strong result, and for the reasons discussed below, Class

11   Counsel respectfully request the Court grant Class Counsel's fee request and cost

12   reimbursement in full, and approve the incentive award for Plaintiff.

13   **A. THE SETTLEMENT REPRESENTS AN OUTSTANDING RESULT FOR THE**

14       **CLASS**

15        The Settlement Agreement provides that Defendant will pay $1,495,000.00

16   into a non-reversionary Common Benefit Fund.  *See Kristensen Decl.*, ¶ 8.

17        Only a single class member decided to opt-out.   Not a single objection was

18   received at the time of this filing, December 15, 2014, a week after the December

19   8, 2014 deadline to object.  *See Kristensen Decl.*, ¶ 9.

20        This is not a coupon settlement.   The Defendant is not provided an

21   unwanted product to the class members at an illusory inflated price.   The class

22   members will receive payments in excess of $1,000,000.   Any amount not cashed

23   within six weeks will go to the *cy pres* recipient, National Consumer Law Center

24   (NCLC) which, per the Order of this Court, must allocate the funds to privacy or

25   telemarketing programs and not their affiliated, but unrelated anti-poverty

26   program.

27   ///

28   ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

**NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND
CLASS REPRESENTATIVE INCENTIVE PAYMENT**

## B. Class Counsel Undertook Considerable Risk in Prosecuting this Action

Class Counsel litigated this matter on a pure contingency-fee basis while expending considerable amount of time and incurring costs potentially without any monetary gain in the event of an adverse judgment.[2]  Moreover, this action was especially risky given the various defenses potentially available to Defendant. Namely, class members face the factual defense of whether prior express consent was provided, which the defense argues requires an individualized inquiry. There was also the risk of this Court denying class certification based on a lack of ascertainability.  Furthermore, Defendant was prepared to advocate heavily that polling surveys are protected political speech under the First Amendment that would trump the time, place and manner restrictions imposed by the TCPA.

Additionally, other Courts view award of aggregate, statutory damages with skepticism and reduce such awards – even after a plaintiff prevailed on the merits – on due process grounds. *See, e.g., Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 122, 22 (2d Cir. 2003)  ("[T]he potential for devastatingly large damages awards, out of all reasonable proportion to the actual harm suffered by members of the Plaintiffs class, may raise due process issues");  *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 350-351 (N.D. Ill 2002) (declining to certify a class where it "could result in statutory damages of over $19 billion, which is grossly disproportionate to any actual damage").

Finally, there is the risk of losing a jury trial, and even if Plaintiff did prevail, any recovery could be delayed for years by an appeal.  Despite these numerous issues the settlement provides a substantial benefit to class members

---

[2] "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

without further delay.

## IV.   CLASS ACTIONS ARE IMPORTANT IN OUR JUSTICE SYSTEM

"Class actions serve an important function in our system of civil justice," *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981), as they reduce litigation costs and promote greater efficiency, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996), as well as "provide aggrieved persons a remedy when individual litigation is economically unrealistic," such as in this case where the maximum recovery per negligent violation is only $500 (47 U.S.C. § 227(c)(5)).[3]

"Probably to a unique degree, American law relies upon private litigants to enforce substantive provisions of law that in other legal systems are left largely to the discretion of public enforcement agencies." John C. Coffee, Jr., Understanding the Plaintiff's Attorney: The Implication of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions, 86 Colum. L. Rev. 669, 669 (1986). "In class actions, lawyers have been called 'private attorneys general,' a term that links the class lawyer to the state's or the 'people's' lawyer."[4]

> *The prospect of these often large fees creates an incentive for plaintiff attorneys to file lawsuits on behalf of proposed class members.* In fact, these incentives have created a cottage industry for lawyers and plaintiffs who compete to fulfill this 'private attorney general' function. These lawsuits can both compensate deserving plaintiffs and deter illegal conduct. Conventionally, compensation is considered a private goal, and deterrence a public goal, but in reality, actions by both

---

[3] Thomas D. Rowe, Jr., *State and Foreign Class-Actions Rules and Statutes: Differences from - and Lessons for? - Federal Rule 23* (2007) 35 W. St. U. L. Rev. 147, 155 (quoting 5 James Wm. Moore et al., Moore's Fed. Prac. § 23.03 at 23-35)).

[4] Judith Resnik, Dennis E. Curtis & Deborah R. Hensler, *Individuals Within The Aggregate: Relationships, Representation, And Fees*, 71 N.Y.U. L.Rev. 296, 320 (1996).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT

-10-

private and public attorneys can lead to both compensation and deterrence.

Carl W. Hittinger & Jarod M. Bona, *The Diminishing Role of the Private Attorney General in Antitrust and Securities Class Action Cases Aided by the Supreme Court*, 4 J. Bus. & Tech. L. 167, 169 (2009) (emphasis added). "Unless class counsel are adequately compensated, class and derivative litigation will be undersupplied in the legal market."[5] Without adequate compensation to class action attorneys in TCPA cases such as this one, millions of consumers would likely go uncompensated for violations of their statutory rights, especially since "consumers find that using the TCPA's private right of action is very complex and time-consuming." *Mainstream Mktg. Servs. v. FTC*, 284 F. Supp. 2d 1266, 1273 (D. Colo. 2003) (citing 68 Fed. Reg. at 4629 (2003)).

## V. ARGUMENT

Class Counsel asserts that (A) the requested fee award is fair, reasonable, and justified; (B) the payment of costs is fair and reasonable; and (C) the named Plaintiff's incentive award is reasonable.

### A. THE REQUEST FEE AWARD IS FAIR, REASONABLE, AND JUSTIFIED.

Class Counsel seek a total award of attorneys' fees and reimbursement of costs of $373,750 or 25% of the Settlement fund of $1,495,000.00 (Class Counsel incurred $3,579.50 in costs litigating the matter).[6] As explained by the Ninth Circuit, "[a]ttorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the

---

[5] Theodore Eisenberg & Geoffrey P. Miller, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, Cornell Law Faculty Working Paper, Paper 64, p. 2 (2009).

[6] Courts regularly award 25% fee requests in consumer class actions. *See Lewis v. Starbucks Corp.*, 2008 U.S. Dist. LEXIS 83192, 2008 WL 416690 (E.D. Cal. September 11, 2008) (approving 25% fee request); and *Woo v. The Home Loan Group*, 2008 U.S. Dist. LEXIS 65144, 2008 WL 3925854 (S.D. Cal. 2008) (same).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   determination whether the settlement is 'fundamentally fair, adequate, and

2   reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) ("*Staton*")

3   (quoting Fed. R. Civ. P. 23(e)).[7] The "common fund" doctrine applies where, as

4   here, a litigation results in the recovery of a certain and calculable fund on behalf

5   of a group of beneficiaries. *Id.* The Ninth Circuit and other federal courts have

6   long recognized that when counsel's efforts result in the creation of a common

7   fund that benefits unnamed class members, counsel have an equitable right to be

8   compensated from that fund for counsel's efforts in creating said fund. *See Boeing*

9   *Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (noting that the "lawyer who

10  recovers a common fund...is entitled to a reasonable attorney's fee from the fund

11  as a whole"); *Staton*, 327 F.3d at 967; *In re Washington Pub. Power Supply*

12  *System Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("[T]hose who benefit in

13  the creation of a fund should share the wealth with the lawyers whose skill and

14  effort helped create it.")

15        Where counsel for a class seeks fees based on a percentage of the total

16  settlement value, courts most commonly use one of two methods to determine

17  whether the request is reasonable: "percentage-of-the-fund" or

18  "lodestar/multiplier." *Staton*, 327 F.3d at 963-64; *Vizcaino*, 290 F.3d at 1048-49;

19  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("*Hanlon*").

20  However, it is clear that courts prefer a "percentage-of-the-fund" model over a

21  "lodestar-multiplier" approach in cases where it is possible to ascertain the value

22  of the settlement. *See In Re Activision Securities Litigation*, 723 F. Supp. 1373,

23  1378-1379 (N.D. Cal. 1989) (holding that the percentage method is preferred over

24  the lodestar method and finding it encourages efficiencies and early resolution);

---

26  [7]   The 25% fee request is reasonable in this matter. *See, e.g., Morris v. Lifescan,*
27  *Inc.,* 54 Fed. Appx (9th Cir. 2003) (approving award of 33% of settlement
    fund); and *Vasquez v. Coast Roofing*, 2010 U.S. Dist. LEXIS 21159 (E.D. Cal.
28  2010) (same).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

*see also In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("*Omnivision*") ("[U]se of the percentage method in common fund cases appears to be dominant.") "Though courts have discretion to choose which calculation method they use, their discretion must be exercised as to achieve a reasonable result." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d at 942

An empirical study, based on 18 years of published opinions on settlements in 689 common fund class action and shareholder derivative settlements in both state and federal courts found that: (1) 83 percent of cases employed the percentage-of the-recovery method, and (2) the number of courts employing the lodestar method has declined over time, from 13.6 percent during 1993-2002 to 9.6 percent from 2003 to 2008. *Theodore Eisenberg & Geoffrey P. Miller, Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008,* 7 Journal of Empirical Legal Studies 248, at 267-269 (2010). *Accord,* Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards,* 7 Journal of Empirical Legal Studies, 2010 at 25 (finding, in a similar empirical study of 688 settlements approved by federal district courts during 2006 and 2007, nearly 69 percent of courts employed the percentage-of-the-settlement method, nearly 12 percent employed the lodestar method, and 20 percent did not report which method they used).

Significantly, California courts have awarded 25% *or more* of the settlement fund as attorneys' fees on numerous occasions. *See Graham et al. v. Overland Solutions, Inc.*, Case No. 10-CV-00672-BEN-BLM (S.D. Cal. Jan. 30, 2013) (30% in attorney's fees); *Boyce v. Sports and Fitness*, Case No. 03-CV-2140-BEN

NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE PAYMENT

(BLM) (S.D. Cal. Jan. 24, 2006 (29% in attorneys' fees); *Adams v. AllianceOne*, Case No. 08-CV-0248-JAH (S.D. Cal. Sept. 28, 2012) (awarding $2.7 million in attorneys' fees in a TCPA class action, representing 30% of the settlement fund); *In re SeraCare Life Sciences, Inc. Securities Litigation*, No. 05-CV-02335-JLS-CAB (S.D. Cal. Sept. 24, 2008) (awarding $4,600,000 in attorneys' fees, representing 25% of the settlement fund); *Takas et al. v. A.G. Edwards & Sons, Inc.*, No. 04-CV-1852-JAH (NLS) (S.D. Cal. Nov. 5, 2007) (award of attorneys' fees in a TCPA class action in the amount of $6 million, representing 28.17% of the settlement fund); *Gutierrez v. Barclays Group*, No. 10-CV-01012-DMS-BGS (S.D. Cal. March 12, 2012) (awarding attorneys' fees in a TCPA class action in the amount of $1,580,000, representing the 25% benchmark); *see also Langille v. EMC Corporation, Inc.*, No. 07-CV-0651 (S.D. Cal. July 9, 2008 (awarding 25% percent of settlement fund).

Here, Class Counsel's request for fees is reasonable under—and warrants application of—the percentage-of-the-fund analysis.  The reasonableness of Class Counsel's fee award request is confirmed by a lodestar plus multiplier cross-check, which courts in the Ninth Circuit may choose to employ at their discretion.

### 1.   The Request Fee is Presumptively Reasonable Because It Resulted from Arm's Length Negotiations.

As the United States Supreme Court has explained: "A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  While the Court must perform its own evaluation to verify that the requested fees are reasonable and not the product of collusion, it should give weight to the judgment of the parties and their counsel where, as here, the fees were agreed to at arm's length negotiations after the parties agreed on the key deal terms. *See, e.g. In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195, at *12 (N.D. Cal. Nov. 5, 2008).  Here, Class Counsel negotiated

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

with Defendant to reach an agreed-upon fee amount that was deemed reasonable based upon the benefits achieved for the class and applicable legal principles, and did so only after the Parties reached an agreement on the other key terms. Further, the fee amount, like the settlement itself, was agreed upon under the auspices and with the assistance of an experienced, well respected former judge and mediator, the Honorable Carl J. West (Ret.). This fact serves as "independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class." *Hanlon*, 150 F.3d at 1029.[8]  Under these circumstances, the Court may give weight to the judgment of the parties and their counsel regarding reasonable fees.

### 2.   The Court Should Apply the Percentage-of-the Fund Method.

The most fair and efficient way to calculate a reasonable fee where, as here, contingency-fee litigation has produced a common fund is by awarding class counsel a percentage of the total fund.  4 Herbert B. Newberg, *Newberg on Class Actions* § 14:6 (4th ed. 2002 and Supp. 2004) ("*Newberg*").  There is a logical and

---

[8]  *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 McLaughlin on Class Actions § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive (emphasis added).").

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  important policy reason behind choosing to apply the percentage-of-the-fund

2  method, rather than the lodestar method, in common fund cases:

> 3  "Unlike the lodestar method which can encourage class counsel to devote
>
> 4  unnecessary hours to generate a substantial fee, under the [percentage-of-
>
> 5  the-fund] method, the more the attorney succeeds in recovering money for
>
> 6  the client, and the fewer legal hours expended to reach that result, the
>
> 7  higher dollar amount of fee the lawyer earns. Thus, one of the primary
>
> 8  advantages of the [percentage-of-the-fund] method is that it is thought to
>
> 9  equate the interests of class counsel with those of the class members and
>
> 10  encourage class counsel to prosecute the case in an efficient manner."

11  *Id.*

12  The percentage-of-the-fund method comports with the legal marketplace,

13  where counsel's success is frequently measured in terms of the result counsel has

14  achieved. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir.

15  1993) (in common fund cases "the monetary amount of the victory is often the

16  true measure of [counsel's] success"). By assessing the amount of the fee in terms

17  of the amount of the benefit conferred on the class, the percentage method "more

18  accurately reflects the economics of litigation practice" which "given the

19  uncertainties and hazards of litigation, must necessarily be result-oriented." *Id.*

20  Moreover, it most efficiently aligns the incentives of the class members and their

21  counsel and thus encourages counsel to spend their time efficiently, and to focus

22  on maximizing the relief available to the class, rather than their own lodestar

23  hours. *Vizcaino*, 290 F.3d at 1050 fn. 5; *In re Activision Sec. Litig.*, 723 F. Supp.

24  1373,1375 (N.D. Cal. 1989). Finally, it comports with the established practice in

25  the private legal market to reward attorneys for taking the risk of nonpayment by

26  paying said attorneys a premium for successfully resolving contingency-fee cases.

27  *See In re Washington*, 19 F.3d at 1299; *see Newberg* § 14:6. "[I]f this 'bonus'

28  methodology did not exist, very few lawyers could take on the representation of

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   the class client given the investment of substantial time, effort, and money,

2   especially in light of the risks of recovering nothing." *In re Washington*, 19 F.3d

3   at 1300 (quoting *Behrens v. Wometco Enter., Inc.*, 118 F.R.D. 534, 548 (S.D. Cal.

4   1988) aff'd, 899 F.3d 21 (11th Cir. 1990)).

5       For these reasons, the percentage-of-the-fund method is applied more

6   frequently than the lodestar-plus-multiplier method in common fund cases in the

7   Ninth Circuit. "[U]se of the percentage method in common fund cases appears to

8   be **dominant**." *Omnivision*, 559 F. Supp. 2d at 1046 (emphasis added).

9       Thus, Class Counsel requests that the Court use the standard percentage-of-

10  the-fund approach to determining the award of attorneys' fees in this action.

11      3.    <u>Class Counsel's Fee Request is Warranted under the</u>

12            <u>Percentage-of-the Fund Method</u>.

13      Class Counsel's request for attorneys' fees and costs in a total amount of

14  $373,750 or approximately 25% of the Settlement fund of $1,495,000.00 common

15  fund—is fair and reasonable under the circumstances of this case. In the Ninth

16  Circuit the "benchmark" percentage is 25% of the common fund with costs and

17  expenses awarded on top of this amount.  Moreover, courts in this circuit often

18  award a percentage of the fund that is greater than the 25% benchmark.

19  *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award

20  exceeds th[e] benchmark."); *see also Vizcaino*, 290 F.3d at 1048-1050 (awarding

21  28%); *Garner v. State Farm*, 2010 U.S. Dist. LEXIS 49482, at *5-6 (N.D. Cal.

22  Apr. 22, 2010 (awarding 30%); *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist.

23  LEXIS 1149, at*17 (N.D. Cal. Feb. 2, 2009) (same).[9]  Based on this authority,

24  Class Counsel's request for the benchmark award is conservative and justifiable.

25  ────────────────────────

[9]  *See also In re Mego*, 213 F.3d at 457, 463 (9thCir. 2000) (affirming fee award

26  of one-third of common fund); *In re Heritage Bond Litig. v. U.S. Trust Co. of*

27  *Tex., N.A.*, 2005 U.S. Dist. LEXIS 13627, at *29 (C.D. Cal. June 10, 2005)

(awarding one-third of fund); *In re M.D.C. Holdings Sec. Litig.*, 1990 U.S.

28  Dist. LEXIS 15488, at *21, 32 (S.D. Cal. Aug. 30, 1990) (awarding 30% fee

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

NOTICE OF AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND
CLASS REPRESENTATIVE INCENTIVE PAYMENT

Courts consider a number of factors to determine the appropriate percentage to apply, including: (a) the results achieved; (b) the risk of litigation; (c) the skill required and the quality of work; (d) the contingent nature of the fee; and, (e) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-1050; *Omnivision*, 559 F. Supp. 2d at 1046. Plaintiff contends that all of these factors favor approval of the Plaintiff's 25% fee award requested here.

### a. *Class Counsel have obtained an excellent result.*

The results obtained for the class are generally considered to be the most important factor in determining the appropriate fee award in a common fund case. *See Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983); *Omnivision*, 559 F. Supp. 2d at 1046; *see also* Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, p. 336 (4th Ed. 2004) (the "fundamental focus is on the result actually achieved for class members") (citing Fed. R. Civ. P. 23(h) committee note).  Standing alone, this factor supports Class Counsel's fee request.  As stated above, the settlement required Defendant to pay $1,495,000.00 into a non-reversionary common fund.   This settlement achieved by Class Counsel provides significant monetary relief for class members despite numerous decisions that have refused to certify such class actions.  *See Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587 (2013). Furthermore, the fact that the Settlement Fund does not constitute the maximum measure of statutory damages potentially available to the Class does not merit deviation from the 25% benchmark. "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators" because "the very essence of a settlement is compromise, a yielding of absolutes and abandoning of highest hopes." *Linney v. Cellular Alska*

---

where settlement obtained "in a very short amount of time" and finding that class counsel should be rewarded, not penalized, for achieving early success on behalf of the class).

*Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("*Linney*"); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9thCir. 2000) (settlement of only a fraction of potential recovery fair given nature of claims and facts of case).  This is particularly true where, as here, the settlement was reached at arm's length through protracted negotiations by experienced counsel before an experienced mediator and former judge.  Moreover, the parties were only able to resolve the dispute following extensive motion practice, factual investigation and discovery of the claims and issues and after taking into consideration the risks involved in the action.  Thus, the requested 25% award is reasonable.

> **b.** *The risks of litigation support the requested fee.*

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 559 F. Supp. 2d at 1046-47; *see also Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class certification is relevant to evaluation of a requested fee).

Here, there was a realistic risk that the Court would refuse to certify the class based upon individualized issues of consent and/or individualized questions of whether the class was ascertainable.  While Plaintiff believes the law is in his favor on this matter, Plaintiff is also aware of cases that reject this position, although on seemingly distinguishable grounds.

Moreover, there is the risk of losing a jury trial, and even if Plaintiff did prevail, any recovery could be delayed for years by an appeal. Despite these numerous issues the settlement provides a substantial benefit to class members without further delay which renders Class Counsel's fee award request reasonable.

> **c.** *The skilled required and quality of work performed support the requested fee.*

The "prosecution and management of a complex class action requires

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

unique legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F. Supp. 2d at 1047. Class Counsel are experienced class action litigators who have successfully prosecuted complex consumer cases, and who have become particularly skilled and experienced in litigating privacy related class actions. *See Kristensen Decl.* ¶¶ 12-22. In addition, Class Counsel spent significant time thoroughly investigating the factual and legal claims involved in this Action, including during confirmatory discovery.

The hourly rates sought here are justified in this legal community as other plaintiff's counsel with similar experience are awarded fees at a higher rate, and rates charged by other firms are indeed higher than the rates charged here. *See Kristensen Decl.* ¶ 29, Ex. "2", the National Law Journal article dated December 10, 2007, with the results of their annual law firm billing survey. That survey indicates that most California law firms in the survey, or California offices of national law firms, have median billing rates for partners that clearly support the $500 an hour sought here by Class Counsel.[10]

Plaintiff submits the hourly rate of $500 sought to be confirmed by Class Counsel on behalf of the Representative Plaintiff and the Class is reasonable and within the hourly rates charged for the same services within the community are entirely fair and reasonable given counsel's experience, qualifications and

---

[10] In the 2007 time frame, partners at the California law firms billed out far in excess of $495 per hour. For example, Luce, Forward, Hamilton & Scripps in San Diego billed out its partners at a median hourly rate of $475, with a low of $325 and a high of $725 and associates at a low of $220 and a high of $450. (Page 7.) Loeb & Loeb in Los Angeles billed its partners at a median of $600, with a low of $425 and a high of $875 and associates at a low of $240 and a high of $500. (Page 7.) Manatt, Phelps & Phillips in Los Angeles billed its partners at a median rate of $590 per hour, with a low of $520 and a high of $785 and associates at a low of $265 and a high of $480. (Page 7.) Fenwick & West of the Silicon Valley in Mountain View, California billed its partners at a median rate of $600 per hour, with a low of $500 and a high of $775 per hour and associates at a low of $245 and a high of $500. (Page 4.)

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1    expertise.

2         Class Counsel's skill and expertise, reflected in the prompt and significant

3    settlement, support the fee request.

### d. *The undertaking of this action on a contingency-fee basis supports the requested fee*

6         The Ninth Circuit has long recognized that the public interest is served by

7    rewarding attorneys who assume representation on a contingent basis to

8    compensate them for the risk that they might be paid nothing at all for their work.

9    *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1299

10   ("Contingent fees that may far exceed the market value of the services if rendered

11   on a non-contingent basis are accepted in the legal profession as a legitimate way

12   of assuring competent representation for Plaintiffs who could not afford to pay on

13   an hourly basis regardless of whether they win or lose"); *Vizcaino*, 290 F.3d at

14   1051 (courts reward successful class counsel in contingency cases "for taking risk

15   of nonpayment by paying them a premium over their normal hourly rates").

16   Class Counsel prosecuted this matter on a purely contingent basis while agreeing

17   to advance all necessary expenses and knowing that Class Counsel would

18   only receive a fee if there was a recovery. In pursuit of this litigation, Class

19   Counsel have spent considerable outlays of time and money by, among other

20   things, (1) investigating the action; (2) conducting legal research relating to the

21   alleged claims; (3) conducting discovery; (4) negotiating the settlement, including

22   a full-day mediation; (5) assisting in the administration of the Settlement; and (6)

23   responding to class members' inquiries.

24        Class Counsel expended these resources despite the risk that Class Counsel

25   would never be compensated at all. Thus, Class Counsel's "substantial outlay,

26   when there is a risk that none of it will be recovered, further supports the award of

27   the requested fees" in this matter.   *Omnivision*, 559 F. Supp. 2d at 1047.

28   ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

4.     **A Lodestar-Plus Multiplier Cross-Check Supports The Requested Fees**.

A court applying the percentage-of-the-fund method may use the lodestar method as a "cross-check on the reasonableness of a percentage figure." *Vizcaino*, 290 F.3d at 1050.  However, a cross-check is optional.  *See Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *48 (N.D. Cal. Jan. 26, 2007) (finding that "where the early settlement resulted in a significant benefit to the class," there is no need "to conduct a lodestar cross-check").  If the Court chooses to perform such a cross-check in this matter, it will confirm that a 25% fee award is reasonable.

The first step in the lodestar-multiplier approach is to multiply the number of hours counsel reasonably expended by a reasonable hourly rate.  *Hanlon*, 150 F.3d at 1029.  Once this raw lodestar figure is determined, the Court may then adjust that figure based upon its consideration of many of the same "enhancement" factors considered in the percentage-of-the-fund analysis, such as: (1) the results obtained; (2) whether fee is fixed or contingent; (3) the complexity of the issues involved; (4) the preclusion of other employment due to acceptance of the case; and (5) the experience, reputation, and ability of the attorneys.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr*").[11]

a. ***Class Counsel's lodestar is reasonable.***

The accompanying declaration of Class Counsel set forth the hours of work and billing rates used to calculate their lodestar.  As described in said declarations, Class Counsel and their staffs have devoted a total of 182.1 hours to this

---

[11] The risk inherent in contingency representation is a critical factor. The Ninth Circuit stresses that "[i]t is an abuse of discretion to fail to apply a risk multiplier when...there is evidence that the case was risky." *Fischel v. Equit. Life Assurance Soc'y*, 307 F.3d 997, 1008 (9th Cir. 2002); *see also Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16 (N.D. Cal. 2007).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   litigation, and have a total lodestar to date of approximately $91,050. *See*

2   *Kristensen Decl.* ¶¶ 23-27, Exhibit "2". These amounts do not include the

3   additional time that Class Counsel will spend going forward in implementing the

4   settlement, including assisting class members with claims and overseeing claims

5   administration generally, tasks that can require substantial additional hours not

6   reflected in the multiplier calculated on the current lodestar.

7       Based upon the above, Class Counsel's lodestar is reasonable. Class

8   Counsel prosecuted the claims at issue efficiently and effectively, making every

9   effort to prevent the duplication of work that might have resulted from having

10   multiple firms working on this case. Further, tasks were delegated appropriately

11   among partners and other staff according to their complexity such that the

12   attorneys with higher billing rates billed time only where necessary. In addition,

13   Class Counsel's contemporaneous time records were carefully reviewed and

14   duplicative work was deleted.

15       Similarly, Class Counsel's hourly rates are also reasonable. In assessing the

16   reasonableness of an attorney's hourly rate, courts consider whether the claimed

17   rate is "in line with those prevailing in the community for similar services by

18   lawyers of reasonably comparable skill, experience and reputation." *Blum v.*

19   *Stevenson*, 465 U.S. 886, 895, n.11 (1994). *See also Davis v. City and County of*

20   *San Francisco*, 976 F.3d 1536, 1546 (9th Cir. 1992); and, *Serrano v. Unruh*, 32

21   Cal. 3d 621, 643 (1982). Class Counsel here are experienced, highly regarded

22   members of the bar with extensive expertise in the area of class actions and

23   complex litigation involving consumer claims like those at issue here.

24       **b.  *A multiplier is warranted.***

25       The benchmark 25% fee requested by Class Counsel reflects a multiplier of

26   four (4). Of note, Courts regularly approve fee awards resulting in multipliers

27   which are similar, and in many cases significantly higher, than the requested

28   multiplier in this matter. *See, e.g., Vizcaino*, 290 F.3d at 1051 (affirming 28% fee

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1    award where multiplier equaled 3.65; and, citing cases approving multipliers in

2    common fund cases going as high as 19.6); *Steiner v. Am. Broad. Co.*, 248 Fed.

3    Appx. 780, 783 (9th Cir. Cal. 2007) (upholding 25% fee award yielding multiplier

4    of 6.85, finding that it "falls well within the range of multipliers that courts have

5    allowed"); *Craft v. County of San Bernardino*, 624 F. Supp. 1113, 1125 (C.D. Cal.

6    2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that

7    "there is ample authority for such awards resulting in multipliers in this range or

8    higher").[12]

9           Here, the exceptional monetary relief obtained for the Class; the risks

10   involved with continued litigation; the contingent nature of the fee; the arm's-

11   length nature of difficult and protracted negotiations; and the experience of Class

12   Counsel in litigating privacy class actions, justify a significant multiplier. *See*

13   *Kerr*, 526 F.3d at 70; *Washington Pub. Power*, 19 F.3d at 1299-1300 ("[C]ourts

14   have routinely enhanced the lodestar to reflect the risk of non-payment in

15   common fund cases" in accord with the "established practice in the private legal

16   market of rewarding attorneys for taking the risk of nonpayment by paying them a

17   premium over their normal hourly rates for winning contingency cases").  A

18   lodestar-plus-multiplier cross-check therefore further supports the reasonableness

19   of the requested 25% fee. In addition, multipliers are effective in encouraging

20   effective counsel to take cases that lack the possibility of fee shifting.  Here, there

21   is no fee-shifting statute and no plaintiff would likely pay any attorney's hourly

22

23   ────────────────
     [12]  *See also Di Gacomo v. Plains All Am. Pipeline*, 2001 U.S. Dist. LEXIS 25532,

24   at *31 (S.D.Tex. Dec. 18, 2001) (awarding 30% of fund resulting in multiplier
     of 5.3); *Craft*, F. Supp. at 2d at 1123-1127 (awarding 25% of fund which

25   amounted to 5.2  multiplier, in part because of the numerous drawbacks and
     disincentives associated with a pure lodestar approach; and, *Lopez v.*

26   *Youngblood*, 2011 U.S. Dist. LEXIS 99289, at *10, 39-43 (citing *Swedish*

27   *Hosp.*, 1 F.3d at 1266-67 (awarding 28.5% of fund and finding that a lodestar
     cross-check is "not a useful reference point").

28

1   rate if the potential benefit is limited to a maximum of only $1,500.  Thus, it is

2   unlikely that a consumer would be able to retain counsel to pursue this particular

3   cause of action.  *See Pennsylvania v. Delaware Valley Citizens' Council for Clean*

4   *Air*, 483 U.S. 711, 717-719 (1987); and, *Fadhl v. City and County of San*

5   *Francisco*, 859 F.2d 649 (9th Cir. 1986).

6       **B. THE PAYMENT OF COSTS IS FAIR AND REASONABLE**

7       "Reasonable costs and expenses incurred by an attorney who creates or

8   preserves a common fund are reimbursed proportionately by those class members

9   who benefit from the settlement."  *In re Media Vision Tech. Sec. Litig.*, 913 F.

10   Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396

11   U.S. 375, 391-392 (1970).  The modest litigation expenses Class Counsel incurred

12   in this case were necessary to secure the resolution of this litigation. *See In re*

13   *Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007)

14   (finding that costs such as filing fees, photocopy costs, travel expenses, postage,

15   telephone and fax costs, computerized legal research fees, and mediation expenses

16   are relevant and necessary expenses in class action litigation).  Based upon the

17   discussion herein, Class Counsel contend that the costs incurred in this matter are

18   fair and reasonable.

19       Throughout the course of this litigation, Class Counsel had to incur

20   substantial costs totaling $3,579.50.  *See Kristensen Decl.* ¶ 28, Ex. "1".  As

21   explained below, these costs were necessary to secure the resolution of this

22   litigation; thus Class Counsel put forward said costs without assurance that Class

23   Counsel would ever be repaid.  Here, the class notice informed class members that

24   Class Counsel would seek an award of costs, included with attorneys fees in the

25   amount of $373,250 for the expenses Class Counsel have had to incur to bring this

26   case to its current settlement posture.

27       **C. PLAINTIFF'S INCENTIVE AWARD IS REASONABLE**

28       As the Ninth Circuit has recognized, "named Plaintiffs, as opposed to

*Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025*

1   designated class members who are not named Plaintiffs, are eligible for

2   reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez v. West*

3   *Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly

4   typical in class action cases"). Such awards are intended to compensate class

5   representatives for work done on behalf of the class [and] make up for financial or

6   reputational risk undertaken in bringing the action." *Id.* Small incentive awards,

7   such as those requested here, promote the public policy of encouraging

8   individuals to undertake the responsibility of representative lawsuits. The

9   requested modest service award of $1,500 for Plaintiff is well justified.[13]

10      In addition to lending his name to this matter, and thus subjecting himself

11  to public attention, the named Plaintiff was actively engaged in this case from the

12  start. Among other things, he (1) provided information to Class Counsel for the

13  Complaints and other pleadings; (2) reviewed pleadings and other documents; (3)

14  assisted in preparing discovery; (4) attended the mediation; (5) communicated on

15  a regular basis with counsel and kept himself informed of progress in the litigation

16  and settlement negotiations; (6) made himself available for mediation; and,

17  (7) reviewed and approved the proposed settlement.   Mankin's dedication to this

18  action was notable, particularly given the relatively modest personal financial

19  stakes in this case. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294,

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

---

[13]   Courts have long recognized that a class representative should be compensated for their service to the class. *In re Mego Fin. Corp. Sec. Lit.*, 2123 F.3d 454, 463 (9th Cir. 2000); *West v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 76558, at *26 (E.D. Cal. 2006). Such compensation provides the economic motivation to induce potential plaintiffs to lend their names and support to class actions generally. *West*, 2006 U.S. Dist. LEXIS 76558, at *26. And the same incentive fees further ensure that meritorious actions are prosecuted to completion. *Linney v. Cellular Alaska Part.*, 1997 U.S. Dist. LEXIS 24300, at *23 (N.D. Cal. 1997). A court should order an incentive award when it finds that it is not the product of collusion and does not come at the expense of the remaining members of the class. *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314, at *17-18 (S.D. Cal. 2008).

1  299 (N.D. Cal. 1995) (awarding $100,000 incentive award in part on the ground

2  that, "[i]n exchange for his participation, Van Vraken will not receive great

3  personal benefit").

4        Moreover, the amount is reasonable as compared to other class actions

5  awarding incentive payments. *See Opson v. Hanesbrands Inc.*, 2009 U.S. Dist.

6  LEXIS 33900, at *27-28 (N.D. Cal. Apr. 3, 2009) (awarding $5,000 incentive

7  payment and finding that "in general, courts have found that $5,000 incentive

8  payments are reasonable"); *Ordick v. UnionBancCal Corp.*, 2012 U.S. Dist.

9  LEXIS 171413, at *11 (N.D. Cal. Dec. 3, 2012 (awarding $5,000 to named

10  Plaintiffs where "the settlement was reached at the early stages of litigation");

11  *Fitzgerald v. City of Los Angeles*, 2003 U.S. Dist. LEXIS 27382, at *9 (C.D. Cal.

12  Dec. 8, 2003) (awarding $3,500 each to class representatives in early settlement

13  case).

14        Here, the proposed incentive award of $1,500 to Mankin is equal to a

15  single willful violation of the TCPA in an individual action had he been

16  successful.  Thus, Class Counsel respectfully requests the Court to approve an

17  incentive award of $1,500 to Mankin.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## VI.   CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court grant Plaintiff's Motion for an award from the Settlement Fund of attorneys' fees and reimbursed costs in the total amount of $373,750 and an incentive award in the amount of $1,500 to Mankin.


Dated:  December 15, 2014          Respectfully submitted,

                          By:  _____ */s/ John P. Kristensen* _____

                          John P. Kristensen (SBN 224132)
                          *john@kristensenlaw.com*
                          David L. Weisberg (SBN 211675)
                          *david@kristensenlaw.com*
                          KRISTENSEN WEISBERG, LLP
                          12304 Santa Monica Blvd., Suite 100
                          Los Angeles, California 90025
                          Telephone:  (310) 507-7924
                          Fax:  (310) 507-7906

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Kristensen Weisberg, LLP, 12304 Santa Monica Boulevard, Suite 100, Los Angeles, California 90025.  The foregoing document was served via ECF on all parties and their attorneys of record in case number  2:13-CV-6447-DSF (AGRx) entitled PAUL MANKIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. MOUNTAIN WEST RESEARCH CENTER, L.C., ET AL.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on December 15, 2014.

/s/ *Karina Pundeff*
Karina Pundeff