JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MANKIN, individually and on behalf of all others similar situated, <br><br> Plaintiff, <br><br> vs. <br><br> MOUNTAIN WEST RESEARCH CENTER, L.C., and DOES 1 through 10, inclusive, and each of them, | Case No. 2:13-cv-06447-DSF-AGR <br><br> **CLASS ACTION** <br><br> **ORDER AND FINAL JUDGMENT** |

On July 8, 2014, Plaintiff Paul Mankin and Defendant Mountain West Research Center (MWRC) entered into a Class Action Settlement Agreement (Agreement), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. On July 28, 2014, Plaintiff filed the Agreement, along with Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

Defendant served written notice of the proposed class action settlement pursuant to 28 U.S.C. § 1715.

On September 16, 2014, the Court entered an Order of Preliminary Approval of Class Action Settlement. Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (Class Members) with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Paul Mankin as the Class Representative; (iv) appointed John Kristensen and David Weisberg of Kristensen Weisberg, LLP as Class Counsel; and (v) set the date and time of the Final Approval Hearing for January 12, 2015, at 1:30 p.m.

On December 15, 2014, Class Counsel timely filed their motion for attorneys' fees, costs, and incentive award.

On December 15, 2014, Plaintiff filed the Motion for Final Approval of Class Action Settlement Agreement, requesting final certification of the settlement class under Rule 23(b)(3) and final approval of the proposed class action settlement.

On January 12, 2015, a Final Approval Hearing was held to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used in this Order have the

meanings defined in this Order or in the Agreement.

**IT IS ORDERED:**

1. The Court has subject matter jurisdiction to approve this settlement and the Agreement.

2. The Court finds that the prerequisites of Rule 23(a) and Rule 23(b)(3) have been satisfied.

3. Pursuant to Rule 23(b)(3), the Action is certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in the Action:

> *All mobile subscribers who were called by Mountain West Research Center on their mobile phones to 15,703 unique mobile numbers in connection with the Survey Campaigns for campaigns on May 18 to May 20, 2013 and July 22 to 24, 2013.*

Defendant and its subsidiaries and affiliates, employees, officers, directors, agents and representatives and its family members; Class Counsel; all judicial officers who have presided over the Lawsuit; and all persons who timely elected to become Opt-Outs from the Settlement Class in accordance with the Preliminary Approval Order are excluded from the Settlement Class.

4. The Court grants final approval to the Agreement as being fair, reasonable, and adequate as to all Parties and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties, and directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and provisions.

5. To the extent permitted by law and without affecting the other provisions of the Final Judgment, this Final Judgment is intended by the Parties and the Court as binding on and having res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Paragraph I.24) maintained by or on behalf of Named Plaintiff Paul

Mankin and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns.

6. The Court finds that the Class Notice sent to Settlement Class Members: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Lawsuit, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing, and of their right to monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and any other applicable law.

7. The Court certifies plaintiff Paul Mankin as the representative of the Settlement Class.

8. The Court certifies John P. Kristensen, Esq. and David L. Weisberg, Esq. of Kristensen Weisberg, LLP as Class Counsel.

9. The Court finds that Class Counsel and the Named Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the proposed settlement and the Settlement Agreement.

10. The Court finds that the Named Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendant and the Releasees.

11. The Ninth Circuit has established 25% as the benchmark for a reasonable fee award, requiring an "adequate explanation in the record of any 'special circumstances' justifying a departure." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). Although Class Counsel's lodestar amount is significantly lower than 25% of the common fund, the Court does not find that to be a "special circumstance" justifying a significant downward departure. The Court concludes that the lodestar analysis should be given little

weight in determining the appropriate fee. Had the lodestar been approximately equal to the 25% benchmark, the Court would most certainly have declined to allow a multiplier. Under the circumstances, the Court finds that Class Counsel's award will be so substantially above the lodestar (even assuming the lodestar figure were accurate) that an award of 25% of the common fund is adequate to compensate counsel for both their fees and costs. Therefore, the Court awards Class Counsel in attorneys' fees and costs of $373,750, which sum the Court finds to be fair and reasonable. This award and the reimbursement of expenses shall be paid from the Settlement Fund by the Settlement Administrator no later than seven business days after the Effective Date.

12. In addition to any recovery that the Named Plaintiff may receive under the settlement and in recognition of the Named Plaintiff's efforts on behalf of the Settlement Class, the Named Plaintiff is awarded $1,000 as an incentive award directly related to his representation of the Settlement Class. The substantiation of the Named Plaintiff's efforts was somewhat vague and unsupported, and (unlike the claims of many other class action plaintiffs), he asserts no risk involved in participating in the litigation. The Court finds that a somewhat reduced incentive award is fair and reasonable. This award shall be paid by the Settlement Administrator from the Settlement Fund via a check made out to Paul Mankin and delivered to Class Counsel no later than seven business days after the Effective Date.

13. The Court orders the Settlement Administrator to take all steps necessary to create the Settlement Fund and distribute the monies in accordance with this Agreement and the Court's Orders pertaining to the settlement. The Court authorizes payment to the Administrator of its fees and costs, as approved by Class Counsel, in an amount not to exceed $55,000. Should the Administrator's costs exceed that amount, Class Counsel and the Administrator may seek further approval from the Court.

14.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Settlement Administrator, Defendant, the Named Plaintiff, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the settlement and Final Order and Judgment and for any other necessary purposes.

15.     The Court orders that upon the Effective Date, the Named Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class shall be barred from asserting any Released Claims against Defendant and any Releasee, and shall have released any and all Released Claims against Defendant and all Releasees.

16.     The Court determines that the Agreement and the settlement and any related proceedings are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Releasee or the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Agreement and the settlement in such proceedings as may be necessary to effectuate this Agreement.

17.     The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment; provided that any Opt-Out who subsequently provides written notice to the Settlement Administrator within 14 days of the entry of this Order that he or she is rejoining the Settlement Class shall be deemed to be a Settlement Class Member and therefore bound by the Final Order and Judgment and entitled to the benefits of the settlement.

18.     The Court authorizes the Parties, without further approval from the Court,

1  to agree to and adopt such amendments, modifications and expansions of the
2  Agreement and all Exhibits hereto that (i) shall be consistent in all material
3  respects with the Final Order and Judgment and that (ii) do not limit the rights of
4  the Parties or Settlement Class Members.
5  19.   The Court bars and permanently enjoins all Settlement Class Members
6  who have not been properly excluded from the Settlement Class (i) from filing,
7  commencing, prosecuting, intervening in, or participating as plaintiff, claimant or
8  class member in any other lawsuit or administrative, regulatory, arbitration or
9  other proceeding against Defendant in any jurisdiction based on, relating to or
10 arising out of the claims and causes of action or the facts and circumstances
11 giving rise to the Lawsuit or the Released Claims; (ii) from filing, commencing
12 or prosecuting a lawsuit or administrative, regulatory, arbitration or other
13 proceeding against Defendant as a class action on behalf of any Settlement Class
14 Members who have not timely excluded themselves (including by seeking to
15 amend a pending complaint to include class allegations or seeking class
16 certification in a pending action), based on, relating to, or arising out of the
17 claims and causes of action or the facts and circumstances giving rise to the
18 Lawsuit or the Released Claims; and (iii) from organizing Settlement Class
19 Members who have not been excluded from the Settlement Class into a separate
20 class for purposes of pursuing as a purported class action any lawsuit or
21 arbitration or other proceeding (including by seeking to amend a pending
22 complaint to include class allegations or seeking class certification in a pending
23 action) against Defendant based on, relating to, or arising out of the claims and
24 causes of action or the facts and circumstances giving rise to the Lawsuit or the
25 Released Claims.
26 20.   The Lawsuit (including all individual and class claims) shall be and is
27 dismissed with prejudice on the merits and in full and final discharge of any and
28 all such claims, without fees or costs except as specifically provided in this

1 | Order.
2 | 21.  This Order is intended to be a final judgment disposing of the above
3 | captioned action in its entirety.
4 | 22.  Without affecting the finality of this Final Judgment and Order of
5 | Dismissal with Prejudice, the Court retains continuing and exclusive jurisdiction
6 | over the Parties and all matters relating to the Action and Agreement, including
7 | the administration, interpretation, construction, effectuation, enforcement, and
8 | consummation of the settlement and this order.

**IT IS SO ORDERED.**

Dated:  January 13, 2015   _____
                           Honorable Dale S. Fischer
                           United States District Judge